# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 06-712

**CARMEN JAMES FRANCOIS**

**VERSUS**

**CRAIG J. FRANCOIS, SR.**

\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 03-66403
HONORABLE EDWARD M. LEONARD, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Craig J. Francois, Sr.
In Proper Person
1277-A Francois Road
St. Martinville, Louisiana 70582**

**Carmen James Francois
In Proper Person
706 St. Martin Street
St. Martinville, Louisiana 70582**

**GENOVESE, Judge.**

In this domestic case, the Defendant, Craig J. Francois, Sr., in proper person, only appeals the "stay away" distance provision of the protective order issued by the trial court in favor of his wife, Carmen James Francois. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

On January 5, 2004, Mrs. Francois filed a petition for protection from domestic abuse pursuant to La.R.S. 46:2131, *et seq*. In that petition, Mrs. Francois alleged that on or about December 24, 2003, Mr. Francois "pulled out a pocket knife and pushed [her] against the wall and put the knife up to [her] throat." Mrs. Francois allegedly suffered cuts to her forehead and hands and bruises to her arms from the attack. She alleged that past incidents of abuse from Mr. Francois included pushing, shoving, choking, threats of bodily harm, and attempts to slap, hit, and beat her. Based on these allegations, the trial court issued a temporary restraining order in her favor ordering that Mr. Francois avoid all contact with Mrs. Francois.

A hearing on the petition for protection from domestic abuse was held on January 16, 2004. At said hearing, both parties chose to represent themselves. After hearing testimony from both sides, and considering the evidence, the trial court issued a protective order against Mr. Francois, effective through July 16, 2005. Said protective order contained the following directives:

> [Mr. Francois is ordered not to] abuse, harass, stalk, or threaten [Mrs. Francois] in any manner whatsoever. This prohibition includes the use, attempted use, or threatened use of force or physical violence that would reasonably be expected to cause bodily injury.

> [Mr. Francois is ordered not to] contact [Mrs. Francois] personally, electronically, by phone, in writing, or through a third party, without the express written permission of this court.

1

[Mr. Francois is ordered not to] go within one hundred (100) yards of the residence . . . of [Mrs. Francois] . . .."

[Mr. Francois is ordered to stay away] from [Mrs. Francois'] place of employment/school and not to interfere in any manner with such employment/school or that of any person on whose behalf this petition is filed located at: St. Martin Sheriff's Department.

A thorough review of the record reveals numerous proceedings held as a result of Mr. Francois's failure to abide by the trial court's January 16, 2004 protective order.

On March 5, 2004, the trial court found Mr. Francois in contempt of court for contacting Mrs. Francois by telephone and sentenced him to serve thirty days in jail, with credit given for time served. On April 2, 2004, Mr. Francois was found in contempt of court for calling Mrs. Francois's sister twice, and for going within 100 yards of Mrs. Francois's home. He was sentenced him to six months in jail, with all but thirty days suspended, and credit given for time served. On May 12, 2004, the trial court found Mr. Francois in contempt of court for going within 100 yards of Mrs. Francois's home. The trial court revoked the suspended sentence imposed on April 2, 2004, and ordered him to serve the remainder of those six months in jail. Further, the trial court sentenced Mr. Francois to six additional months in jail on the contempt charge, with both sentences to run consecutively, and he was given credit for time served. At a review hearing held on July 2, 2004, the trial court ruled that the matter was moot since it had previously found Mr. Francois in contempt. At a hearing for contempt of court held on February 1, 2005, the trial court found that Mr. Francois was not in contempt of court after accepting his statement that the street corner on which he was seen is 105 yards from Mrs. Francois's home; thus, he was not in violation of the 100 yard distance requirement. This matter again came up for hearing on a motion for contempt of court against Mr. Francois on March 30, 2005; however,

the trial court continued the matter without date because it felt that the criminal prosecution pending against Mr. Francois took precedence over the pending civil protective order contempt proceeding. On July 8, 2005, Mrs. Francois filed a motion to modify protective order seeking to extend the trial court's order of protection against Mr. Francois since it was set to expire on July 16, 2005. On July 15, 2005, a hearing was held on the motion to extend the order of protection. At said hearing, Mr. Francois stated that although he had no objection to the court's directive that he stay away from Mrs. Francois, he did request that the trial court reduce the 100 yard distance requirement to fifty yards. Mr. Francois stated:

> I want to attend church, and, at [sic] set at a hundred (100) yards, the house is right at a hundred (100) yards, so I haven't been attending that church. If it's set at fifty (50) yard as [La.R.S. 9:]362 says, then, I can attend church and not be in violation of the protective order.

The evidence contained in the record indicates that the church in question is in proximity to Mrs. Francois's home. When asked by the trial court if she objected, Mrs. Francois requested that the 100 yard distance requirement be maintained because of her involvement in the church choir. The trial court ruled in favor of Mrs. Francois and extended the terms of its previous protective order against Mr. Francois until January 15, 2007.

The record of these proceedings contains a notice of appeal filed by Mr. Francois, which is stamped by the St. Martin Parish Clerk of Court's Office as being received and filed on July 20, 2005; however, the record also reveals that the clerk's office returned Mr. Francois's notice of appeal in accordance with the district court's internal procedure because it failed to contain an order for the trial court's signature.

On February 22, 2006, Mr. Francois's notice of appeal, with order attached, was again received by and filed with the St. Martin Parish Clerk of Court's office.

The trial court signed the notice of appeal on March 6, 2006.

**ISSUES**

In his brief to this court, Mr. Francois presents the following issues:

1. Whether the trial court's protective order was contrary to law under La.R.S. 9:362(4).

2. Whether the trial court's protective order violates his constitutional right to attend the church of his choice.

**DISCUSSION**

Mr. Francois argues that the provision in the protective order which prohibited him from going within 100 yards of Mrs. Francois violates La.R.S. 9:362(4). He contends that the trial court "violate[d] his statutory rights as well as his constitutional rights by the issurance [sic] of this protective order." Further, Mr. Francois states that "the [trial] court lacks jurisdiction in setting the criminal stay away distance [at 100] yards. [Louisiana Revised Statutes] 9:362(4) clearly states that the court shall set the criminal stay away distance [at fifty] yards."

Louisiana Revised Statutes 9:362(4) defines injunction:

"Injunction" means a temporary restraining order or a preliminary or a permanent court ordered injunction, as defined in the Code of Civil Procedure, which prohibits the violent parent from in any way contacting the abused parent or the children except for specific purposes set forth in the injunction, which shall be limited to communications expressly dealing with the education, health, and welfare of the children, or for any other purpose expressly agreed to by the abused parent. All such injunctions shall prohibit the violent parent, without the express consent of the abused parent, *from intentionally going within fifty yards of the home, school, place of employment, or person of the abused parent* and the children, or within fifty feet of any of their automobiles, except as may otherwise be necessary for court ordered visitation or except as otherwise necessitated by circumstances considering the proximity of the parties' residences or places of employment. Such injunctions shall be issued in the form of a Uniform Abuse Prevention Order and transmitted to the Louisiana Protective Order Registry, as required by this Part.

(Emphasis added.)

4

Contrary to Mr. Francois's assertions, this court notes that this action is a protective order brought pursuant to Title 46, Chapter 28, entitled "Protection from Family Violence Act," Part II of the Louisiana Revised Statutes under the heading of "Domestic Abuse Assistance." The statute upon which Mr. Francois relies is found in Title 9, Code Book I, Code Title V, Chapter 1 entitled "Divorce," Part IV of the Louisiana Revised Statutes, under the heading of "Post-Separation Family Violence Relief Act." Because Mrs. Francois's petition for protection from domestic abuse was filed pursuant to La.R.S. 46:2131, *et seq*., and specifically La.R.S. 46:2136, we find Mr. Francois's argument of non-compliance with La.R.S. 9:362(4) to be inapplicable and, therefore, without merit.

Louisiana Revised Statutes 46:2136 provides, in pertinent part:

A. The court may grant any protective order or approve any consent agreement to bring about a cessation of abuse of a party, any minor children, or any person alleged to be incompetent, which relief may include but is not limited to:

1) Granting the relief enumerated in [La.]R.S. 46:2135.

Louisiana Revised Statutes 46:2135 provides, in pertinent part:

A. Upon good cause shown in an ex parte proceeding, the court may enter a temporary restraining order, without bond, as it deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent. Any person who shows immediate and present danger of abuse shall constitute good cause for purposes of this Subsection. The order may include but is not limited to the following:

(1) Directing the defendant to refrain from abusing, harassing, or interfering with the person or employment or going near the residence or place of employment of the petitioner, the minor children, or any person alleged to be incompetent, on whose behalf a petition was filed under this Part.

The trial court has wide discretion in the issuance of protective orders. *Mitchell v. Marshall*, 02-015 (La.App. 3 Cir. 5/1/02), 819 So.2d 359. Louisiana

5

Revised Statutes 46:2135 does not contain a restriction on distance; thus, the trial court has vast discretion in setting the distance requirement in such proceedings. We find that the trial court's extension of the protective order against Mr. Francois on July 15, 2005 was a direct result of Mr. Francois's past failures to abide by the trial court's orders. Considering the abundance of evidence in the record, the credibility of the witnesses, the objection raised by Mrs. Francois, and the lengthy history of these proceedings, we do not find that the trial court abused its vast discretion in extending the order which prohibits Mr. Francois from going within 100 yards of Mrs. Francois's home until January 15, 2007, regardless of the location of his church.

We also find Mr. Francois's argument that the 100 yard distance requirement imposed by the trial court violates his constitutional right to attend the church of his choice to be without merit. As we have previously stated, from the evidence contained in the record it is evident that the church to which Mr. Francois refers is in very close proximity to Mrs. Francois's home. Considering the fact that the trial court found Mr. Francois in contempt of court on three different occasions for either contacting Mrs. Francois or for going near her residence, we find no abuse of the trial court's discretion in its finding that Mrs. Francois's right to be protected from abuse, harassment, and stalking outweighs Mr. Francois's perceived constitutional right to attend the church of his choice.

### DECREE

For the above reasons, the judgment of the trial court extending the January 16, 2004 protective order with a 100 yard "stay away" distance, until January 15, 2007, is affirmed. Costs are assessed against Appellant, Mr. Craig J. Francois, Sr.

**AFFIRMED.**