# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2012

No. 11-30484

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON BANKS, also known as Brandon T. Banks,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brandon Banks appeals the two-level enhancement under U.S.S.G. § 2A2.2(b)(5) for violating a Louisiana state court protection order. Banks asserts that the district court erred in applying the enhancement to his sentence for assaulting a federal officer because the state order did not pertain to the officer. For the following reasons, we VACATE AND REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30484

## FACTS AND PROCEDURAL HISTORY

On February 28, 2007, federal ATF and DEA agents on surveillance in New Orleans approached Brandon Banks. Banks, who was in possession of a firearm, ran away while holding the firearm with his right hand with the barrel pointed under his left arm toward Special Agent Karen Evanoski. Banks was later apprehended while hiding under a house. After being arrested, Banks indicated that he knew he should not be in possession of a firearm because he had an order of protection filed against him from Orleans Parish. Subsequently, Banks pleaded guilty to the single-count indictment of assaulting a federal officer with a dangerous weapon in violation of Title 18, Section 111 of the United States Code.

The United States Office of Probation calculated Banks' guideline sentencing range at 57-71 months of imprisonment. Because the offense involved a violation of a court order of protection, Probation recommended that the offense level be increased by two pursuant to U.S.S.G. section 2A2.2(b)(5).[1]

## STANDARD OF REVIEW

This court reviews a district court's guidelines interpretations de novo and reviews the district court's findings of fact for clear error. *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007). To determine whether an enhancement applies, a district court may draw reasonable inferences from the facts, and those inferences are factual findings that are reviewed for clear error. *United States v. Rodriguez*, 897 F.2d 1324, 1325 (5th Cir. 1990).

If Banks had failed to raise his claim of error, then we would be limited to plain error review. *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).[2]

---

[1] Probation also recommended other enhancements, which are not at issue here.

[2] Even if we separated the possession of a firearm portion and analyzed it under plain error review, Banks would still prevail. However, as discussed later herein, there is no basis under Louisiana law for separating the possession of a firearm from the violation of the

2

No. 11-30484

But Banks did raise his claim of error, thus clear error applies.  Banks' written objection stated: "The defendant objects to paragraph 13 of the PSR, which applies a two-level enhancement for violation of an order of protection.  Defense counsel maintains the defendant was not prohibited from being in contact with Agent Evanoski; therefore, there was no violation of a protection order."  The Probation Officer's Response said:

> Pursuant to 18 U.S.C. § 922(g)(8), it shall be unlawful for any person who is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, to possess in or affecting commerce any firearm or ammunition.  At the time the instant offense was committed, the defendant was under two separate orders of protection.  On November 16, 2006, an Order of Protection was filed in the Orleans Parish Criminal District Court, New Orleans, Louisiana, Case No. M 470-715, which was in effect through April 16, 2007.  On March 8, 2007, an Order of Protection was filed in the Orleans Parish Criminal District Court, New Orleans, Louisiana, Case No. 475-460, which was in effect through September 1, 2007.  Both orders of protection ordered the defendant not abuse, harass, stalk, follow, or threaten the alleged victim.

> The defendant, being in possession of a firearm during the commission of the instant offense, was in violation of both Orders of Protection.  The fact that the defendant was not prohibited from being in contact with Agent Evanoski is irrelevant, as his contact with Agent Evanoski is not the basis for the violation of the Order of Protection.  His possession of a firearm is the basis for the violation of the Orders of Protection.  Therefore, a two-level enhancement is applicable.  This matter remains unresolved.

protective order.  The dissent takes issue with the discussion of Louisiana law, but that discussion is necessary to determine whether Banks could even have been in violation of the state protective order.  Based on the applicable law, discussed herein, Banks would only have been in violation of the state protective order for possessing a firearm if he had pointed the firearm at Agent Evanoski AND Evanoski was the party protected by the protective order.

No. 11-30484

Banks argued in the district court, as he argues here, that the district court erred in applying the two-level enhancement because the order of protection was not violated. Banks said in his objection that the order did not prohibit him from having contact with Agent Evanoski, but, as Probation's response indicated, the possession of a firearm was the basis for the violation of the order. Banks makes one argument: That the trial court erred in applying the two-level enhancement because the order of protection was not violated. The district court was advised of all grounds Banks may have for opposing application of the enhancement at the point that Banks objected and Probation responded.

## DISCUSSION

### I. Whether the district court erred when it enhanced Banks' sentence under U.S.S.G. §2A2.2(b)(5) because his assault offense involved violation of a court protection order.

Banks asserts that the district court erred in applying the enhancement for violation of an order of protection. Section 2A2.2(b)(5) says, "[i]f the offense involved the violation of a court protection order, increase by 2 levels." The Government asserts that Banks violated the order of protection pursuant to 18 U.S.C. § 922, which says, in relevant part:

(g) It shall be unlawful for any person –
. . .
  (8) who is subject to a court order that –
    (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
    (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
    (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

No. 11-30484

> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8).

Section 922 section clearly sets out that it is unlawful for a person subject to a protective order to possess a firearm. The issue is whether violating section 922 is a violation of the protective order, thus allowing an enhancement under 2A2.2, or whether it is just a separate violation under federal law.[3]

The parties cite *United States v. Azure*, 571 F.3d 769, 771 (8th Cir. 2009), as the only federal case to have applied the enhancement for violating a protective order. However, as correctly noted by Banks, the defendant in *Azure* was involved in a physical altercation with the person who was the beneficiary of the tribal protective order. The Government asserts that *Azure* provides no support for Banks because he "fails to mention that Azure also assaulted a

---

[3] Therefore the dissent's discussion of whether the order is ambiguous is inapplicable. Further, the dissent's recitation of law regarding the adoption of the PSR without objection is also inapplicable as Banks did object. The district court may adopt the facts contained in a PSR without further inquiry if the facts have an adequate basis with sufficient indicia of reliability and the defendant does not rebut the evidence or otherwise demonstrate it is unreliable. *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). Confronted with an objection to the findings in the PSR, the party seeking an adjustment in the base offense level, the Government, must prove by a preponderance of the evidence that the adjustment is warranted. *See United States v. Patterson*, 962 F.2d 409, 415 (5th Cir. 1992); *United States v. Elwood*, 999 F.2d 814, 817 (5th Cir. 1993). However, "[b]ald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR." *Elwood*, 999 F.2d at 817-818.

The findings in the PSR do not have an adequate basis with a sufficient indicia of reliability. They are merely bald, conclusionary statements that Banks had violated the state order of protection.

second individual in the same incident which resulted in his conviction." But the Government then admits that Azure pleaded guilty to assault in a single criminal act which involved both the protected person and a second individual. *Azure* supports the assertion that the enhancement applies when the assault victim is the protected person.

The parties agree that the order of protection contained a recitation of section 922. The Government essentially contends that this recitation establishes a separate requirement for compliance with the state protective order. Banks asserts that this notice is merely a recitation of federal law and does not affect the terms of the order, "which were plainly intended to prevent Mr. Banks from having contact with the person specifically named in the order." Further, Banks asserts that, on appeal, "the Government pursues the same logical [sic] fallacy made by the probation officer: because it is a violation of federal law to possess a gun while under a state protection order it is therefore a violation of a state protection order to violate federal law by possessing a gun."

The Government asserts that Banks' own post-arrest statement and his sworn factual basis confirm his understanding that possessing a gun was a violation of the state protection order. We disagree. Banks merely said that he knew he was not supposed to have a gun. Specifically, his factual basis said: "Banks stated he knew he could not be in possession of a firearm because he had an Order of Protection filed against him in state court." This does not say that he knew possessing a gun was a violation of the state protective order. This says he knew he was not supposed to have a gun *because* he had an order of protection filed against him.

Under the Louisiana "Protection from Family Violence Act," the court may grant any protective order "to bring about a cessation of abuse of a party, any minor children, or any person alleged to be incompetent." La. Rev. Stat. §

No. 11-30484

46:2136(A).[4]  The Louisiana Criminal Code on "Domestic Violence Offenses" provides that violation of a protective order is the "willful disobedience" of a protective order.  La. Rev. Stat. § 14:79.  The violations set out in 14:79 only refer to "the person protected by the protective order," not to any unrelated, uninvolved third party.[5]

As this is a state protective order, the only possible violation would be under state law.  The Government fails to provide any authority to indicate that the assault on Agent Evanoski would be a violation of the protective order under Louisiana law.  Further, *Azure* is the only case applying the enhancement and it involved a violation against the protected person.  However, there are cases involving a violation of a protective order for having a firearm that did not involve a violation against the protected person where the enhancement was not applied, but rather the defendant was charged with a separate violation.  *See United States v. Banks*, 339 F.3d 267 (5th Cir. 2003) ("Eric Banks was charged

---

[4] For whatever reason, the dissent characterizes this as a citation to La. Rev. Stat. § 46:2135, dealing with temporary restraining orders.  It clearly is not, although both sections are part of the Protection from Family Violence Act and contain similar language.  Also, the dissent fails to offer any provision of either section addressing possession of a firearm.  Further, like the Government, the dissent fails to offer any authority whatsoever establishing that any state court ever found Banks in violation of the state protective order.  However, by quoted language, the dissent effectively concedes that both sections apply only to the petitioner, any minor children, or any person alleged to be an incompetent.

[5] The dissent states: "Louisiana law recognizes prohibitions against a wide variety of conduct not directly against the protected party and grants wide discretion to the court to impose restrictions on defendants."  The dissent cites section 46:2136 and *Francois v. Francois*, 941 So.2d 722, 726 (La. App. 2006), as authority.  However, there is nothing in either section 46:2136 or *Francois* to support the proposition that any prohibitions extend beyond the protected party, minor children and incompetents.  Further, *Francois* established that Louisiana courts have "wide discretion in the issuance of protective orders" while upholding the extension of a protective order to include the requirement that Mr. Francois stay at least 100 yards away from his wife, who was the protected party.

with five counts of possession of a firearm while subject to a restraining order in violation of 18 U.S.C. § 922(g)(8).").[6]

In the instant case, there is no evidence that Banks was ever found in violation of the state order of protection. There is also no indication that he could have been found in violation of the state order of protection for the assault on Agent Evanoski, who was not the protected person under the order. The Government has failed to provide any authority establishing that the recitation on the state protective order providing notice of federal law prohibiting the possession of a firearm while under an order of protection in any way constitutes a separate state violation of the protective order. Rather, the recitation indicates notice of a separate federal violation, as supported by applicable caselaw. The Government could have properly pursued a violation of 18 U.S.C. § 922(g)(8) in conjunction with its case for assault of the federal officer. However, there is no basis for enhancing Banks' sentence for violating an order of protection when there is no authority establishing that the action constituted a violation of the order.

## CONCLUSION

For these reasons, we find that the district court clearly erred in finding that Banks had violated the state order of protection. Further, the district court erred in applying the two-level enhancement under section 2A2.2(b)(5). Accordingly, we vacate the sentence and remand for resentencing.

**VACATE AND REMAND**.

---

[6] This case is offered to establish that there is a separate federal violation under section 922(g)(8), which the dissent concedes would have been a proper charge here. "Despite their shared surname, the defendant in *Banks* and the Banks in the instant appeal are only similar in that they both violated § 922(g)(8) because they possessed firearms while under a protective order."

HAYNES, Circuit Judge, dissenting:

I respectfully dissent. I would affirm the sentence.

### A. *Forfeiture of Banks's Argument*

First, I disagree with the standard of review applied. As the majority opinion notes, Banks pled guilty to assaulting a federal agent with a weapon. At the time of the offense, Banks was under a protective order (the "Order"), which restricted him from, *inter alia*, abusing, harassing, stalking, following, or threatening a particular person. The Order also included language from § 922(g) that makes it unlawful for any person subject to certain court orders to possess a firearm.

The district court, therefore, applied a two-level enhancement to Banks's sentence pursuant to the aggravated assault Guideline, U.S.S.G. § 2A2.2(b)(5), which applies if the defendant violated a court order of protection at the time of the offense. Banks objected to application of this Guideline because he "was not prohibited [by the Order] from being in contact with [the federal agent he assaulted]; therefore, there was no violation of a protective order." In response, the Probation Officer highlighted that the basis of Banks's sentencing enhancement was his "possession of a firearm," not his contact with the person protected by the Order. Despite making several other objections to the PSR, Banks never revisited this point or indicated any issue with the enhancement other than that the federal agent was not the victim listed in the Order. This distinction makes a difference. As alluded to in the Probation Officer's response, there were alternate bases that could be proffered for violating the Order: (1) that Banks not "abuse, harass, stalk, follow, or threaten the alleged victim"; and (2) that Banks may not possess a firearm. Banks only objected to the former.

9

No. 11-30484

Banks's generic objection to the district court's application of §
2A2.2(b)(5) did not state the *particular argument* he now makes; accordingly,
it is forfeited, and we should review it only for plain error. *See, e.g., United
States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995). "A party must raise a
claim of error with the district court in such a manner so that the district
court may correct itself and thus, obviate the need for our review." *Id.*
(quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)). In *Krout*,
the defendant argued on appeal that the trial court inappropriately applied
sentencing guidelines to implement consecutive, rather than concurrent,
sentences. *Id.* at 1433-34. Though the defendant objected to consecutive
sentences at trial he did so based on a plea for leniency, and we held that an
"imprecise objection is insufficient to preserve the claimed error for review."
*Id.* at 1434.

Similarly, in *United States v. Chavez-Hernandez*, 671 F.3d 494, 498-99
(5th Cir. 2012), we applied plain error review to a defendant's argument on
appeal that his convicted conduct was not a "crime of violence." We held that
plain error was the proper standard of review where the defendant made a
generic objection at trial that the sentencing enhancement should not apply
because, *inter alia*, the crime was not one of violence. *Id.* at 498. Indeed, the
defendant's objection was so "purely conclusional" that the district court could
not have "intuited that [he] . . . would be making an extended legal argument
against the enhancement." *Id.* at 499.

The Eighth Circuit's decision in *United States v. Montanye*, 996 F.2d
190, 192 (8th Cir. 1993), provides another helpful analogy. The court there
applied plain error review to a defendant's argument that the district court
erroneously applied a sentencing enhancement. *Id.* The defendant initially
objected to the court's attribution of 37.5 kilograms of methamphetamine for
the purposes of applying a Guideline offense level. *Id.* That objection,

10

however, was couched in the defendant's argument that his laboratory did not have the capacity to produce that quantity of meth. *Id.* On appeal, the defendant argued that the district court erred in finding that the entire production could be attributed to him because it was not "foreseeable" as required under a conspiracy charge. *Id.* Though both arguments questioned whether the district court properly attributed the entire 37.5 kilogram amount to the defendant, the Eighth Circuit split the "capacity" and "foreseeability" issues on appeal and applied plain error to the latter because it was not specifically raised to the district court. *Id.*

Just like the defendant in *Montanye*'s overarching contention was aimed at dispelling the quantity of drugs attributed to him, Banks's argument at sentencing was that he did not violate the Order by assaulting someone other than the victim named in the protective order. That argument, however, did not apprise the district court of the thrust of his argument on appeal—that his possession of a firearm does not violate the Order.

I, therefore, cannot agree with the majority opinion's assertion that "the district court was advised of all grounds Banks may have for opposing application of the enhancement at the point that Banks objected and Probation responded." Banks's sole argument below— that the trial court erred in applying the enhancement because the agent was not the beneficiary of the Order—was insufficient to apprise the district court of a potential error. The firearm rationale was not explained until Probation issued its response. From that point forward, Banks never articulated an objection to the Probation Officer's application of § 2A2.2(b)(5) based on his possession of a firearm—the issue now on appeal. Nothing in Banks's "objection gave any indication of the sentencing error now claimed." *Krout*, 66 F.3d at 1434. Indeed, the objection did not even mention a firearm—the Probation Officer's

basis for application of § 2A2.2(b)(5). To the contrary, in his factual basis, Banks admitted that he told the arresting officers that he was aware he could not possess a firearm because he was under a state protective order. Therefore, plain error review applies here.

### *B. The District Court Did Not Plainly Err*

The Supreme Court has identified four requirements for reversing a trial court based on plain error review: (1) "there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation and internal punctuation omitted).

The majority opinion analyzes this argument as a legal issue[1] under Louisiana law. This analysis of Louisiana law is nowhere in Banks's

---

[1] To the extent that the order is considered ambiguous, construction of an ambiguous order under Louisiana law requires inquiry into the record as a whole which would necessitate the gathering of additional facts. *See Rodrigue v. Ziifle*, 288 So. 2d 630, 632 (La. 1974)(construction of an ambiguous order requires review of the record as a whole). We have repeatedly stated that questions of fact capable of resolution by the district court cannot constitute plain error. *See, e.g.*, *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). This includes a trial court's adoption, without inquiry, of a PSR's recommendation. *United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993) ("In the absence of any objection, the district court simply adopted the recommendation of the probation officer in the PSR . . . . Had [the defendant] objected, the district court could have resolved this question of fact at sentencing."); *United States v. Lopez*, 923 F.2d 47 (5th Cir. 1991). Banks's case is no different here. Had he objected to the Probation Officer's interpretation of the Order or the applicability of § 2A2.2(b)(5) based on the protective order's language regarding gun possession, the district court could have easily resolved the question at sentencing. His failure to do so forecloses his arguments on appeal under a plain error standard of review.

objection in the district court, further buttressing the conclusion that plain error review applies.[2] Further, Louisiana law does not preclude a protective order from prohibiting a defendant from possessing a firearm.

Louisiana law is not as restrictive as the majority opinion contends. Indeed, the very provision cited by the majority opinion provides that a protective order may grant any relief enumerated in Section 46.2135 which authorizes relief as the court "deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent." LA. REV. STAT. § 46:2135. The order may include "*but is not limited to*," directives for the defendant to refrain from abusing, harassing, interfering with the named beneficiary, administering property, and awarding temporary custody of minor children and pets. *Id.* (emphasis added). A court may also order payment of temporary support or provision of housing for the petitioner, medical evaluations, and counseling. *Id.* § 46:2136

Though generally directed at preventing abuse and harassment, Louisiana law recognizes prohibitions against a wide variety of conduct not directly against the protected party and grants wide discretion to the court to impose restrictions on defendants. *See id.*; *Francois v. Francois*, 941 So. 2d 722, 726 (La. App. 2006) ("The trial court has wide discretion in the issuance of protective orders."). Nothing in the referenced provisions prevents a court from concluding that prohibiting a defendant from possessing a firearm would help protect the petitioner from abuse. *See* LA. REV. STAT. § 46:2135 (allowing the court to impose a protective order "as it deems necessary to protect"

---

[2] I do not "take issue" with applying Louisiana law to the construction of the protective order. I simply note that this analysis is nowhere in Banks's objection to the district court which is further evidence that the objection is not preserved.

petitioner from abuse).[3]  Given the wide latitude afforded Louisiana courts to impose restrictions in protection orders, I conclude that the district court's construction of the protective order was a reasonable one and not error.

But even if we accept that it was error, it was certainly not "obvious." On plain error review, it is not the Government's burden to show that the Order prohibited Banks's conduct; rather, it is Banks's burden, to establish that it "obviously" did not. *United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006) (appellant's burden to demonstrate plain error).[4]  As far as Louisiana law goes, the majority opinion cites no Louisiana cases or statutes holding that a protective order cannot include a provision barring gun possession.[5]  Further, the majority opinion cites no case concluding that under federal law this type of language in a protective order cannot give rise to the enhancement in question.

The only case interpreting this provision in a protective order, *United States v. Azure*, 571 F.3d 769, 771 (8th Cir. 2009), does support the basic proposition that § 2A2.2(b)(5) may enhance a defendant's sentence when the victim of the offense is also the named beneficiary under the protective order; but that is not a question that is in dispute here.  *Azure* says nothing on the issue here—whether § 2A2.2(b)(5) should be applied where a defendant's possession of a firearm itself arguably violates his protective order.  Despite a lack of authority on the point, nothing in § 2A2.2(b)(5) precludes application

---

[3]  The question of who might have standing to enforce a protective order (as alluded to by the majority opinion) is a different matter from whether the protective order could lawfully contain a prohibition on gun possession.

[4] It is also worth noting that even under the clear error standard used by the majority opinion, the "burden is squarely on the appellant to show an appellate court that a finding is clearly erroneous." *Abramson v. St. Regis Paper Co.* (*In re Abramson*), 715 F.2d 934, 938 (5th Cir. 1983) (citation omitted).

[5]  Nothing in the guideline enhancement requires that a state court actually find a defendant such as Banks to have violated the protective order for the enhancement to apply.

of the enhancement in the event the alleged violation of a protective order is due to conduct other than against the specified beneficiary of that order.

*United States v. Banks*, 339 F.3d 267 (5th Cir. 2003), adds no clarity to this question.   The defendant there was subject to a protective order, and was then implicated in an explosion which destroyed his ex-girlfriend's home. *Id.* at 267-69.  Searches of the defendant's property uncovered several firearms and he was thus charged pursuant to 18 U.S.C. § 922(g)(8).  *Id.* at 268.  Section 2A2.2, however, was inapplicable because that Guideline applies where the underlying conviction is an assault.  There is no indication in *Banks* that the defendant was ever charged with assault.  Despite their shared surname, the defendant in *Banks* and the Banks in the instant appeal are only similar in that they both violated § 922(g)(8) because they possessed firearms while under a protective order.  They are dissimilar in that the defendant in *Banks* could not have been subject to the sentencing enhancement under § 2A2.2(b)(5); thus, the majority opinion's use of *Banks* to show that the defendant there did not violate his protective order based on his firearm possession is misplaced.

Therefore, neither *Azure* nor *Banks* are analogous to this case because neither involved the opportunity to apply § 2A2.2(b)(5) where the defendant's conduct was based on firearm possession despite no contact with the person named in the protective order.  Ultimately, the district court here relied on the Government's contention that Banks violated his Order based on the fact that it contained a proviso against possessing a firearm.  Banks concedes that the Order contains this language, but simply contends that the Order's language should be construed differently than it was without citing to any authoritative precedent.  Banks also acknowledges that he otherwise violated § 922(g)(8). Because the law is (at best for Banks) uncertain on this issue, any error by the district court was not plain or readily apparent.  *See United*

*States v. Ellis*, 564 F.3d 370, 376-78 (5th Cir. 2009) (highlighting that a district court's application of a "crime of violence" enhancement was not plain error because law on point had not come out clearly on the issue and the "question [was] close"); *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005).  Because Banks cannot show that the district court's application of § 2A2.2(b)(5) was plainly erroneous, it is unnecessary to reach the remaining prongs of plain error review.

I submit that the sentence should be affirmed.  From the majority opinion's failure to do so, I respectfully dissent.