PER CURIAM: *
Brandon Banks appeals the two-level enhancement under U.S.S.G. § 2A2.2(b)(5) for violating a Louisiana state court protection order. Banks asserts that the district court erred in applying the enhancement to his sentence for assaulting a federal officer because the state order did not pertain to the officer. For the following reasons, we VACATE AND REMAND.
FACTS AND PROCEDURAL HISTORY
On February 28, 2007, federal ATF and DEA agents on surveillance in New Orleans approached Brandon Banks. Banks, who was in possession of a firearm, ran away while holding the firearm with his right hand with the barrel pointed under his left arm toward Special Agent Karen Evanoski. Banks was later apprehended while hiding under a house. After being arrested, Banks indicated that he knew he should not be in possession of a firearm because he had an order of protection filed against him from Orleans Parish. Subsequently, Banks pleaded guilty to the single-count indictment of assaulting a federal officer with a dangerous weapon in violation of Title 18, Section 111 of the United States Code.
The United States Office of Probation calculated Banks’ guideline sentencing range at 57-71 months of imprisonment. Because the offense involved a violation of a court order of protection, Probation recommended that the offense level be increased by two pursuant to U.S.S.G. section 2A2.2(b)(5).[1]
STANDARD OF REVIEW
This court reviews a district court’s guidelines interpretations de novo and reviews the district court’s findings of fact for clear error. United States v. Le, 512 F.3d 128, 134 (5th Cir.2007). To determine whether an enhancement applies, a district court may draw reasonable inferences from the facts, and those inferences are factual findings that are reviewed for clear error. United States v. Rodriguez, 897 F.2d 1324, 1325 (5th Cir.1990).
If Banks had failed to raise his claim of error, then we would be limited to plain error review. United States v. Krout, 66 F.3d 1420, 1434 (5th Cir.1995).[2] But Banks did raise his claim of error, thus clear error applies. Banks’ written objection stated: “The defendant objects to paragraph 13 of the PSR, which applies a two-level enhancement for violation of an *316 order of protection. Defense counsel maintains the defendant was not prohibited from being in contact with Agent Eva-noski; therefore, there was no violation of a protection order.” The Probation Officer’s Response said:
Pursuant to 18 U.S.C. § 922(g)(8), it shall be unlawful for any person who is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, to possess in or affecting commerce any firearm or ammunition. At the time the instant offense was committed, the defendant was under two separate orders of protection. On November 16, 2006, an Order of Protection was filed in the Orleans Parish Criminal District Court, New Orleans, Louisiana, Case No. M 470-715, which was in effect through April 16, 2007. On March 8, 2007, an Order of Protection was filed in the Orleans Parish Criminal District Court, New Orleans, Louisiana, Case No. 475-460, which was in effect through September 1, 2007. Both orders of protection ordered the defendant not abuse, harass, stalk, follow, or threaten the alleged victim.
The defendant, being in possession of a firearm during the commission of the instant offense, was in violation of both Orders of Protection. The fact that the defendant was not prohibited from being in contact with Agent Evanoski is irrelevant, as his contact with Agent Evanoski is not the basis for the violation of the Order of Protection. His possession of a firearm is the basis for the violation of the Orders of Protection. Therefore, a two-level enhancement is applicable. This matter remains unresolved.
Banks argued in the district court, as he argues here, that the district court erred in applying the two-level enhancement because the order of protection was not violated. Banks said in his objection that the order did not prohibit him from having contact with Agent Evanoski, but, as Probation’s response indicated, the possession of a firearm was the basis for the violation of the order. Banks makes one argument: That the trial court erred in applying the two-level enhancement because the order of protection was not violated. The district court was advised of all grounds Banks may have for opposing application of the enhancement at the point that Banks objected and Probation responded.
DISCUSSION
I. Whether the district court erred when it enhanced Banks’ sentence under U.S.S.G. § 2A2.2(b)(5) because his assault offense involved violation of a court protection order.
Banks asserts that the district court erred in applying the enhancement for violation of an order of protection. Section 2A2.2(b)(5) says, “[i]f the offense involved the violation of a court protection order, increase by 2 levels.” The Government asserts that Banks violated the order of protection pursuant to 18 U.S.C. § 922, which says, in relevant part:
(g) It shall be unlawful for any person—
(8) who is subject to a court order that—
(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or *317 person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(8).
Section 922 section clearly sets out that it is unlawful for a person subject to a protective order to possess a firearm. The issue is whether violating section 922 is a violation of the protective order, thus allowing an enhancement under 2A2.2, or whether it is just a separate violation under federal law.[3]
The parties cite United States v. Azure, 571 F.3d 769, 771 (8th Cir.2009), as the only federal case to have applied the enhancement for violating a protective order. However, as correctly noted by Banks, the defendant in Azure was involved in a physical altercation with the person who was the beneficiary of the tribal protective order. The Government asserts that Azure provides no support for Banks because he “fails to mention that Azure also assaulted a second individual in the same incident which resulted in his conviction.” But the Government then admits that Azure pleaded guilty to assault in a single criminal act which involved both the protected person and a second individual. Azure supports the assertion that the enhancement applies when the assault victim is the protected person.
The parties agree that the order of protection contained a recitation of section 922. The Government essentially contends that this recitation establishes a separate requirement for compliance with the state protective order. Banks asserts that this notice is merely a recitation of federal law and does not affect the terms of the order, “which were plainly intended to prevent Mr. Banks from having contact with the person specifically named in the order.” Further, Banks asserts that, on appeal, “the Government pursues the same logical [sic] fallacy made by the probation officer: because it is a violation of federal law to possess a gun while under a state protee *318 tion order it is therefore a violation of a state protection order to violate federal law by possessing a gun.”
The Government asserts that Banks’ own post-arrest statement and his sworn factual basis confirm his understanding that possessing a gun was a violation of the state protection order. We disagree. Banks merely said that he knew he was not supposed to have a gun. Specifically, his factual basis said: “Banks stated he knew he could not be in possession of a firearm because he had an Order of Protection filed against him in state court.” This does not say that he knew possessing a gun was a violation of the state protective order. This says he knew he was not supposed to have a gun because he had an order of protection filed against him.
Under the Louisiana “Protection from Family Violence Act,” the court may grant any protective order “to bring about a cessation of abuse of a party, any minor children, or any person alleged to be incompetent.” La.Rev.Stat. § 46:2136(A).[4] The Louisiana Criminal Code on “Domestic Violence Offenses” provides that violation of a protective order is the “willful disobedience” of a protective order. La. Rev.Stat. § 14:79. The violations set out in 14:79 only refer to “the person protected by the protective order,” not to any unrelated, uninvolved third party.[5]
As this is a state protective order, the only possible violation would be under state law. The Government fails to provide any authority to indicate that the assault on Agent Evanoski would be a violation of the protective order under Louisiana law. Further, Azure is the only case applying the enhancement and it involved a violation against the protected person. However, there are cases involving a violation of a protective order for having a firearm that did not involve a violation against the protected person where the enhancement was not applied, but rather the defendant was charged with a separate violation. See United States v. Banks, 339 F.3d 267 (5th Cir.2003) (“Eric Banks was charged with five counts of possession of a firearm while subject to a restraining order in violation of 18 U.S.C. § 922(g)(8).”).[6]
*319 In the instant case, there is no evidence that Banks was ever found in violation of the state order of protection. There is also no indication that he could have been found in violation of the state order of protection for the assault on Agent Evano-ski, who was not the protected person under the order. The Government has failed to provide any authority establishing that the recitation on the state protective order providing notice of federal law prohibiting the possession of a firearm while under an order of protection in any way constitutes a separate state violation of the protective order. Rather, the recitation indicates notice of a separate federal violation, as supported by applicable caselaw. The Government could have properly pursued a violation of 18 U.S.C. § 922(g)(8) in conjunction with its case for assault of the federal officer. However, there is no basis for enhancing Banks’ sentence for violating an order of protection when there is no authority establishing that the action constituted a violation of the order.
CONCLUSION
For these reasons, we find that the district court clearly erred in finding that Banks had violated the state order of protection. Further, the district court erred in applying the two-level enhancement under section 2A2.2(b)(5). Accordingly, we vacate the sentence and remand for resen-tencing.
VACATE AND REMAND.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Probation also recommended other enhancements, which are not at issue here.

. Even if we separated the possession of a firearm portion and analyzed it under plain error review, Banks would still prevail. However, as discussed later herein, there is no basis under Louisiana law for separating the possession of a firearm from the violation of the protective order. The dissent takes issue with the discussion of Louisiana law, but that discussion is necessary to determine whether Banks could even have been in violation of the state protective order. Based on the applicable law, discussed herein, Banks would only have been in violation of the state protective order for possessing a firearm if he had pointed the firearm at Agent Evanoski AND Evanoski was the party protected by the protective order.

. Therefore the dissent's discussion of whether the order is ambiguous is inapplicable. Further, the dissent’s recitation of law regarding the adoption of the PSR without objection is also inapplicable as Banks did object. The district court may adopt the facts contained in a PSR without further inquiry if the facts have an adequate basis with sufficient indicia of reliability and the defendant does not rebut the evidence or otherwise demonstrate it is unreliable. United States v. Cabrera, 288 F.3d 163, 173-74 (5th Cir.2002). Confronted with an objection to the findings in the PSR, the party seeking an adjustment in the base offense level, the Government, must prove by a preponderance of the evidence that the adjustment is warranted. See United States v. Patterson, 962 F.2d 409, 415 (5th Cir.1992); United States v. Elwood, 999 F.2d 814, 817 (5th Cir.1993). However, "[bjald, conclu-sionary statements do not acquire the patina of reliability by mere inclusion in the PSR.” Elwood, 999 F.2d at 817-818.
The findings in the PSR do not have an adequate basis with a sufficient indicia of reliability. They are merely bald, conclusion-ary statements that Banks had violated the state order of protection.

. For whatever reason, the dissent characterizes this as a citation to La.Rev.Stat. § 46:2135, dealing with temporary restraining orders. It clearly is not, although both sections are part of the Protection from Family Violence Act and contain similar language. Also, the dissent fails to offer any provision of either section addressing possession of a firearm. Further, like the Government, the dissent fails to offer any authority whatsoever establishing that any state court ever found Banks in violation of the state protective order. However, by quoted language, the dissent effectively concedes that both sections apply only to the petitioner, any minor children, or any person alleged to be an incompetent.

. The dissent states: "Louisiana law recognizes prohibitions against a wide variety of conduct not directly against the protected party and grants wide discretion to the court to impose restrictions on defendants.” The dissent cites section 46:2136 and Francois v. Francois, 941 So.2d 722, 726 (La.App.2006), as authority. However, there is nothing in either section 46:2136 or Francois to support the proposition that any prohibitions extend beyond the protected party, minor children and incompetents. Further, Francois established that Louisiana courts have “wide discretion in the issuance of protective orders” while upholding the extension of a protective order to include the requirement that Mr. Francois stay at least 100 yards away from his wife, who was the protected party.

.This case is offered to establish that there is a separate federal violation under section 922(g)(8), which the dissent concedes would have been a proper charge here. "Despite their shared surname, the defendant in Banks and the Banks in the instant appeal are only similar in that they both violated § 922(g)(8) because they possessed firearms while under a protective order.”