HAYNES, Circuit Judge,
dissenting:
I respectfully dissent. I would affirm the sentence.

A. Forfeiture of Banks’s Argument

First, I disagree with the standard of review applied. As the majority opinion notes, Banks pled guilty to assaulting a federal agent with a weapon. At the time of the offense, Banks was under a protective order (the “Order”), which restricted him from, inter alia, abusing, harassing, stalking, following, or threatening a particular person. The Order also included language from § 922(g) that makes it unlawful for any person subject to certain court orders to possess a firearm.
The district court, therefore, applied a two-level enhancement to Banks’s sentence pursuant to the aggravated assault Guideline, U.S.S.G. § 2A2.2(b)(5), which applies if the defendant violated a court order of protection at the time of the offense. Banks objected to application of this Guideline because he “was not prohibited [by the Order] from being in contact -with [the federal agent he assaulted]; therefore, there was no violation of a protective order.” In response, the Probation Officer highlighted that the basis of Banks’s sentencing enhancement was his “possession of a firearm,” not his contact with the person protected by the Order. Despite making several other objections to the PSR, Banks never revisited this point or indicated any issue with the enhancement other than that the federal agent was not the victim listed in the Order. This distinction makes a difference. As alluded to in the Probation Officer’s response, there were alternate bases that could be proffered for violating the Order: (1) that Banks not “abuse, harass, stalk, follow, or threaten the alleged victim”; and (2) that Banks may not possess a firearm. Banks only objected to the former.
Banks’s generic objection to the district court’s application of § 2A2.2(b)(5) did not state the -particular argument he now makes; accordingly, it is forfeited, and we should review it only for plain error. See, e.g., United States v. Krout, 66 F.3d 1420, 1434 (5th Cir.1995). “A party must raise a claim of error with the district court in such a manner so that the district court *320 may correct itself and thus, obviate the need for our review.” Id. (quoting United States v. Bullard, 13 F.3d 154, 156 (5th Cir.1994)). In Krout, the defendant argued on appeal that the trial court inappropriately applied sentencing guidelines to implement consecutive, rather than concurrent, sentences. Id. at 1433-34. Though the defendant objected to consecutive sentences at trial he did so based on a plea for leniency, and we held that an “imprecise objection is insufficient to preserve the claimed error for review.” Id. at 1434.
Similarly, in United States v. Chavez-Hernandez, 671 F.3d 494, 498-99 (5th Cir.2012), we applied plain error review to a defendant’s argument on appeal that his convicted conduct was not a “crime of violence.” We held that plain error was the proper standard of review where the defendant made a generic objection at trial that the sentencing enhancement should not apply because, inter alia, the crime was not one of violence. Id. at 498. Indeed, the defendant’s objection was so “purely conclusional” that the district court could not have “intuited that [he] ... would be making an extended legal argument against the enhancement.” Id. at 499.
The Eighth Circuit’s decision in United States v. Montanye, 996 F.2d 190, 192 (8th Cir.1993), provides another helpful analogy. The court there applied plain error review to a defendant’s argument that the district court erroneously applied a sentencing enhancement. Id. The defendant initially objected to the court’s attribution of 37.5 kilograms of methamphetamine for the purposes of applying a Guideline offense level. Id. That objection, however, was couched in the defendant’s argument that his laboratory did not have the capacity to produce that quantity of meth. Id. On appeal, the defendant argued that the district court erred in finding that the entire production could be attributed to him because it was not “foreseeable” as required under a conspiracy charge. Id. Though both arguments questioned whether the district court properly attributed the entire 37.5 kilogram amount to the defendant, the Eighth Circuit split the “capacity” and “foreseeability” issues on appeal and applied plain error to the latter because it was not specifically raised to the district court. Id.
Just like the defendant in Montanye’s overarching contention was aimed at dispelling the quantity of drugs attributed to him, Banks’s argument at sentencing was that he did not violate the Order by assaulting someone other than the victim named in the protective order. That argument, however, did not apprise the district court of the thrust of his argument on appeal — that his possession of a firearm does not violate the Order.
I, therefore, cannot agree with the majority opinion’s assertion that “the district court was advised of all grounds Banks may have for opposing application of the enhancement at the point that Banks objected and Probation responded.” Banks’s sole argument below — that the trial court erred in applying the enhancement because the agent was not the beneficiary of the Order — was insufficient to apprise the district court of a potential error. The firearm rationale was not explained until Probation issued its response. From that point forward, Banks never articulated an objection to the Probation Officer’s application of § 2A2.2(b)(5) based on his possession of a firearm — the issue now on appeal. Nothing in Banks’s “objection gave any indication of the sentencing error now claimed.” Krout, 66 F.3d at 1434. Indeed, the objection did not even mention a firearm — the Probation Officer’s basis for application of § 2A2.2(b)(5). To the *321 contrary, in his factual basis, Banks admitted that he told the arresting officers that he was aware he could not possess a firearm because he was under a state protective order. Therefore, plain error review applies here.

B. The District Court Did Not Plainly Err

The Supreme Court has identified four requirements for reversing a trial court based on plain error review: (1) “there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned”; (2) “the legal error must be clear or obvious, rather than subject to reasonable dispute”; (3) “the error must have affected the appellant’s substantial rights”; and (4) “if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.” Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (citation and internal punctuation omitted).
The majority opinion analyzes this argument as a legal issue[1] under Louisiana law. This analysis of Louisiana law is nowhere in Banks’s objection in the district court, further buttressing the conclusion that plain error review applies.[2] Further, Louisiana law does not preclude a protective order from prohibiting a defendant from possessing a firearm.
Louisiana law is not as restrictive as the majority opinion contends. Indeed, the very provision cited by the majority opinion provides that a protective order may grant any relief enumerated in Section 46.2135 which authorizes relief as the court “deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent.” La. Rev.Stat. § 46:2135. The order may include “but is not limited to,” directives for the defendant to refrain from abusing, harassing, interfering with the named beneficiary, administering property, and awarding temporary custody of minor children and pets. Id. (emphasis added). A court may also order payment of temporary support or provision of housing for the petitioner, medical evaluations, and counseling. Id. § 46:2136.
*322 Though generally directed at preventing abuse and harassment, Louisiana law recognizes prohibitions against a wide variety of conduct not directly against the protected party and grants wide discretion to the court to impose restrictions on defendants. See id.; Francois v. Francois, 941 So.2d 722, 726 (La.App.2006) (“The trial court has wide discretion in the issuance of protective orders.”). Nothing in the referenced provisions prevents a court from concluding that prohibiting a defendant from possessing a firearm would help protect the petitioner from abuse. See La. Rev.Stat. § 46:2135 (allowing the court to impose a protective order “as it deems necessary to protect” petitioner from abuse).[3] Given the wide latitude afforded Louisiana courts to impose restrictions in protection orders, I conclude that the district court’s construction of the protective order was a reasonable one and not error.
But even if we accept that it was error, it was certainly not “obvious.” On plain error review, it is not the Government’s burden to show that the Order prohibited Banks’s conduct; rather, it is Banks’s burden, to establish that it “obviously” did not. United States v. Martinez-Vega, 471 F.3d 559, 563 (5th Cir.2006) (appellant’s burden to demonstrate plain error).[4] As far as Louisiana law goes, the majority opinion cites no Louisiana cases or statutes holding that a protective order cannot include a provision barring gun possession.[5] Further, the majority opinion cites no case concluding that under federal law this type of language in a protective order cannot give rise to the enhancement in question.
The only case interpreting this provision in a protective order, United States v. Azure, 571 F.3d 769, 771 (8th Cir.2009), does support the basic proposition that § 2A2.2(b)(5) may enhance a defendant’s sentence when the victim of the offense is also the named beneficiary under the protective order; but that is not a question that is in dispute here. Azure says nothing on the issue here — whether § 2A2.2(b)(5) should be applied where a defendant’s possession of a firearm itself arguably violates his protective order. Despite a lack of authority on the point, nothing in § 2A2.2(b)(5) precludes application of the enhancement in the event the alleged violation of a protective order is due to conduct other than against the specified beneficiary of that order.
United States v. Banks, 339 F.3d 267 (5th Cir.2003), adds no clarity to this question. The defendant there was subject to a protective order, and was then implicated in an explosion which destroyed his ex-girlfriend’s home. Id. at 267-69. Searches of the defendant’s property uncovered several firearms and he was thus charged pursuant to 18 U.S.C. § 922(g)(8). Id. at 268. Section 2A2.2, however, was inapplicable because that Guideline applies where the underlying conviction is an assault. There is no indication in Banks that the defendant was ever charged with assault. Despite their shared surname, the defendant in Banks and the Banks in the instant appeal are only similar in that they both violated § 922(g)(8) because they possessed firearms while under a protective order. They are dissimilar in that the *323 defendant in Banks could not have been subject to the sentencing enhancement under § 2A2.2(b)(5); thus, the majority opinion’s use of Banks to show that the defendant there did not violate his protective order based on his firearm possession is misplaced.
Therefore, neither Azure, nor Banks are analogous to this case because neither involved the opportunity to apply § 2A2.2(b)(5) where the defendant’s conduct was based on firearm possession despite no contact with the person named in the protective order. Ultimately, the district court here relied on the Government’s contention that Banks violated his Order based on the fact that it contained a proviso against possessing a firearm. Banks concedes that the Order contains this language, but simply contends that the Order’s language should be construed differently than it was without citing to any authoritative precedent. Banks also acknowledges that he otherwise violated § 922(g)(8). Because the law is (at best for Banks) uncertain on this issue, any error by the district court was not plain or readily apparent. See United States v. Ellis, 564 F.3d 370, 376-78 (5th Cir.2009) (highlighting that a district court’s application of a “crime of violence” enhancement was not plain error because law on point had not come out clearly on the issue and the “question [was] close”); United States v. Garcia-Rodriguez, 415 F.3d 452, 455 (5th Cir.2005). Because Banks cannot show that the district court’s application of § 2A2.2(b)(5) was plainly erroneous, it is unnecessary to reach the remaining prongs of plain error review.
I submit that the sentence should be affirmed. From the majority opinion’s failure to do so, I respectfully dissent.

. To the extent that the order is considered ambiguous, construction of an ambiguous order under Louisiana law requires inquiry into the record as a whole which would necessitate the gathering of additional facts. See Rodrigue v. Ziifle, 288 So.2d 630, 632 (La.1974)(construction of an ambiguous order requires review of the record as a whole). We have repeatedly stated that questions of fact capable of resolution by the district court cannot constitute plain error. See, e.g., United States v. Chung, 261 F.3d 536, 539 (5th Cir.2001). This includes a trial court’s adoption, without inquiry, of a PSR’s recommendation. United States v. McCaskey, 9 F.3d 368, 376 (5th Cir.1993) ("In the absence of any objection, the district court simply adopted the recommendation of the probation officer in the PSR.... Had [the defendant] objected, the district court could have resolved this question of fact at sentencing.”); United States v. Lopez, 923 F.2d 47 (5th Cir.1991). Banks's case is no different here. Had he objected to the Probation Officer’s interpretation of the Order or the applicability of § 2A2.2(b)(5) based on the protective order’s language regarding gun possession, the district court could have easily resolved the question at sentencing. His failure to do so forecloses his arguments on appeal under a plain error standard of review.

. I do not "take issue” with applying Louisiana law to the construction of the protective order. I simply note that this analysis is nowhere in Banks's objection to the district court which is. further evidence that the objection is not preserved.

. The question of who might have standing to enforce a protective order (as alluded to by the majority opinion) is a different matter from whether the protective order could lawfully contain a prohibition on gun possession.

. It is also worth noting that even under the clear error standard used by the majority opinion, the "burden is squarely on the appellant to show an appellate court that a finding is clearly erroneous.” Abramson v. St. Regis Paper Co. (In re Abramson), 715 F.2d 934, 938 (5th Cir.1983) (citation omitted).

.Nothing in the guideline enhancement requires that a state court actually find a defendant such as Banks to have violated the protective order for the enhancement to apply.