# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

Lyle W. Cayce
Clerk

No. 12-50065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ERNESTO RUIZ-ESQUIVEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-954-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

David Ernesto Ruiz-Esquivel (Ruiz) appeals the sentence he received after he pleaded guilty, without a written agreement, to illegal reentry in violation of 8 U.S.C. § 1326(a).  Ruiz was sentenced below the guidelines range of imprisonment to 30 months and to three years of supervised release.

Ruiz argues that the district court erred when it enhanced his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(iii) because the Oklahoma statute under which he was convicted did not except possessing an antique weapon.  Ruiz is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correct that, because he did not raise this argument in the district court, it is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Ruiz fails to cite any case by this court or any other circuit deciding whether an offense under Oklahoma Statutes, title 21, § 1289.18(A), constituted a "firearms offense" for purposes of § 2L1.2(b)(1)(A)(iii) on the basis that it did not except antique weapons. Thus, he fails to demonstrate clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007); *United States v. Diaz-Diaz*, 327 F.3d 410, 415 (5th Cir. 2003).

Ruiz's argument that the enhancement was improper under a clear error analysis because 26 U.S.C. § 5845(a) must be read to include the definitions of a firearm under § 5845(d) and (f) fails. This court uses a categorical approach to classify his conviction for purposes of § 2L1.2(b)(1)(A)(iii). *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). Ruiz fails to show that the district court clearly erred because the Oklahoma statute under which he was convicted is broader than the generic definition of a firearm offense. *See* § 2L1.2, comment. (n.(v)(II)); *Diaz-Diaz*, 327 F.3d at 414; *cf.* § 5845(a)*;* OKLA. STAT. tit. 21 § 1289.18(A).

Ruiz argues that the district court erred in failing to consider his cultural assimilation when it sentenced him. The substantive reasonableness of Ruiz's sentence is reviewed for plain error because he failed to object after his sentence was imposed. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Ruiz fails to rebut the presumption of reasonableness accorded his below-guidelines sentence and, concomitantly, to show that the district court plainly erred when it did not sentence him below the guidelines range based on cultural assimilation. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

No. 12-50065

Ruiz's argument that a term of supervised release was not warranted is also reviewed for plain error. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir.2012). Contrary to Ruiz's suggestion, the district court was not required to give notice of an intent to depart upward regarding supervised release. *See id.* at 329. Moreover, insofar as the district court articulated why it was not following § 5D1.1(c)'s hortatory language and because it addressed the need to deter Ruiz, the district court's term of supervised release accorded with § 5D1.1(c). *See* § 5D1.1(c) & comment. (n.5); *Dominguez-Alvarado*, 695 F.3d at 329-30. Thus, Ruiz fails to satisfy his burden under plain error review. *See Puckett*, 556 U.S. at 135.

AFFIRMED.