EDITH H. JONES, Chief Judge:
Miguel Chavez-Hernandez pleaded guilty, pursuant to a plea agreement, to being illegally present in the United States after being deported, pursuant to 8 U.S.C. § 1326. Over Chavez-Hernandez’s perfunctory objection, the district court increased his base offense level of eight by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(ii), on the theory that his 2009 conviction for sexual activity with a minor in violation of Florida Statute § 794.05 was a “crime of violence.” Chavez-Hernandez’s criminal history category was II. The district court granted a three-level reduction for acceptance of responsibility and a further reduction sua sponte because the court concluded that his criminal history was over-represented. This resulted in an advisory sentencing guidelines range of 37 to 46 months of imprisonment. U.S.S.G. Ch. 5, Pt. A, Sen *497 tencing Table. The district court sentenced Chavez-Hernandez to 37 months in prison and two years of supervised release. Chavez-Hernandez filed a timely appeal.[1] Because he did not adequately preserve his objection to the sentence, plain error review applies. Although “plain error” occurred, we are not compelled to reverse under the circumstances here presented. Sentence affirmed.

1. Standard of Review

When an error is preserved by specific objection in the trial court, this court reviews the district court’s findings of fact for clear error and its application of the federal sentencing guidelines de novo. United States v. Gharbi 510 F.3d 550, 554 (5th Cir.2007). Accordingly, we review the district court’s characterization of a defendant’s prior conviction de novo. United States v. Balderas-Rubio, 499 F.3d 470, 472 (5th Cir.2007), cert. denied, 552 U.S. 1215, 128 S.Ct. 1304, 170 L.Ed.2d 123 (2008).
If, however, the defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error. Fed. R. Crim. P. 52(b); United States v. Whitelaw, 580 F.3d 256, 259 (5th Cir.2009); United States v. Hernandez-Martinez, 485 F.3d 270, 272 (2007); United States v. Lopez, 923 F.2d 47, 50 (5th Cir.1991). Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice. United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Infante, 404 F.3d 376, 394 (5th Cir.2005).
The purpose of plain error review is to instill in litigators the importance of preparing adequately before appearing in the trial court and, as necessary, clarifying issues to that court. Timely, adequate objections allow the trial court to rule in the first instance and, if necessary, correct itself without spawning an appeal. This standard usually shields the district court from reversal because of error that was unwittingly committed, because not brought to its attention. The standard also shields this court from ruling on issues that have been insufficiently vetted below. Plain error review implicitly acknowledges that, in many cases, an appeal represents the triumph of hindsight, as a party attempts to shore up objections ineffectively lodged in the trial court, or not lodged at all, by adducing after-the-fact support for its position. Thus, to afford the standard of harmless error, Fed. R.Crim.P. 52(a), to a defendant who makes a vague objection in the trial court, followed by a substantial and specific legal brief in the appellate court, would undermine the orderliness intended by these tiered standards.
This appeal exemplifies the lack of orderliness caused by a vague trial court objection. Chavez-Hernandez, represented by the Federal Public Defender, filed the following written objection to the *498 PSR’s recommendation of a 16-level enhancement for a crime of violence:
Mr. Chavez-Hernandez respectfully objects ... on the basis that the Government has failed to present competent evidence that would justify such an enhancement. Moreover, this is not a crime of violence nor an aggravated felony.
Counsel had two opportunities to explain the substance of this objection to the trial court. At the first sentencing hearing, he said the court had to rule on his objection to the 16-level crime of violence enhancement, but he presented no further support for the objection. A problem arose concerning proof of the documents and judgment underlying Chavez-Hernandez’s Florida conviction, and the hearing was continued for more than a week. When the second hearing took place, defense counsel made two requests of the court— to consider a downward departure and run the sentence concurrently with an anticipated probation violation sentence in Florida—and the court initiated a downward departure for criminal history. Other than commenting, “Your Honor, you know that I had objections to the 16-level enhancement ...defense counsel again failed to articulate why he objected to the enhancement. When the court stated its characterization of the prior crime as a “plus 16” enhancement, defense counsel neither objected nor said anything else about it.
On appeal, Appellant’s brief raises one issue: the propriety of treating the Florida guilty plea conviction as a crime of violence. This issue receives six full pages of legal briefing. Appellant notes that to justify the enhancement, the government had to prove that he admitted, in legally acceptable form, his commission of certain acts. Whether the government offered proof sufficient for this purpose is challenged by Chavez-Hernandez according to the discussion in Shepard v. United States and its numerous progeny. 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Alternatively, Chavez-Hernandez denies that the underlying offense of conviction involved an element of “use of force” or the enumerated generic crimes of either sexual abuse of a minor or statutory rape. His brief takes four pages to explain why various authorities of this court, none directly on point, exclude the Florida statute from the ambit of the two generic crimes despite its caption, “Sexual Activity with a Minor.” None of this argument, nor any of the case law, was pointed out to the district court.
The government’s brief contains nine pages of rebuttal to these arguments on the merits.
In this circuit, the government, defense counsel, probation officers, and the district and circuit judges are vividly aware of the difficulties this court has had in interpreting the “crime of violence” guideline, especially with respect to crimes against minors and children. See, e.g., United States v. Olalde-Hernandez, 630 F.3d 372 (5th Cir.2011); United States v. Izaguirre-Flores, 405 F.3d 270 (5th Cir.2005); United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir.2004) (en banc); United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000). The Sentencing Commission has tried, with limited success, to ameliorate the difficulties, in part by responding to decisions of this and other appellate courts. Suffice it to say that enhancing a base offense level for a crime of violence committed against a minor continues to raise some of the most vexing questions in federal sentencing.
Based on what little was said and written in the trial court here, the judge cannot have intuited that Chavez-Hernandez, who admitted he had an ongoing sexual *499 relationship with the victim “until her mother put me in jail,” would be making an extended legal argument against the enhancement. In fact, the Federal Public Defender acknowledged during the sentencing hearing that the victim was fourteen years old. Like most trial courts, the judge had carefully reviewed the sentencing papers before him, even to the point of criticizing the probation officer for having an incomplete file on the Florida conviction and sua sponte issuing a downward adjustment of the guideline range. In sum, this case is dramatically different from Izaguirre-Flores, in which the interpretation of a defendant’s prior offense involving a minor received “extensive briefing by the parties and consideration by the district court.” Izaguirre-Flores, at 272.
For all of these reasons, it is unfair to the government and the district court, and it would severely undermine procedural regularity, if we were to apply harmless error review to the purely conclusional objection by defense counsel to the “crime of violence” enhancement made in this case. At least, Chavez-Hernandez should have alerted the court that he was challenging whether the Florida statute inherently qualifies as a statutory rape or sexual abuse of a minor enumerated offense under § 2L1.1. Having failed to put the government or the court on notice of his current arguments in this convoluted area, Chavez-Hernandez must overcome the demanding standard of plain error review.

2. Plain Error?

Chavez-Hernandez argues that the crime of violence enhancement he received under § 2L1.2(b)(l)(A)(ii) is erroneous because the “use of force” is not an element of the Florida statute of conviction, and the offense does not qualify as the enumerated offense of either statutory rape or sexual abuse of a minor. We are required to plumb these issues in the first instance.
The Florida statute to which Chavez-Hernandez pled guilty in 2009 criminalizes sexual activity with 16- and 17-year-olds. Florida Statute § 794.05(1) (2009). A conviction for sexual assault is a crime of violence under this enhancement guideline if it is for sexual assault of a minor, for statutory rape, or for an offense with real or threatened use of physical force as an element. U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). On its face, Chavez-Hernandez’s offense does not qualify under the physical force portion of the definition because the Florida statute does not include the use of force as an element of the offense. See also U.S.S.G. § 2L1.2 cmt. n. l(B)(iii).
His offense also fails to qualify as statutory rape because the statute of conviction fails to comply with the “generic, contemporary meaning” of statutory rape using a common-sense approach.[2] United States v. Murillo-Lopez, 444 F.3d 337, 339-40 (5th Cir.2006). In United States v. Lopez-DeLeon, 513 F.3d 472 (5th Cir. 2008), this court conducted a national survey of statutory rape laws and concluded that “the ordinary, contemporary, and common meaning of minor or age of consent for purposes of a statutory rape analysis, is sixteen.” Id. at 475. The court held that California’s statutory rape law was not categorically a crime of violence under the statutory rape enumerated category, since the statute criminalized sex with 17-year-old victims. Id. at 473. The court went on to affirm the sentence on other grounds, based on state court docu *500 ments establishing that Lopez-DeLeon’s victim was under 17 years of age.
The government here contends that the holding in Lopez-DeLeon regarding California’s law was dicta. This is incorrect. If Lopez-DeLeon had held that California’s statute was a categorical crime of violence, it would not have reached the issue whether state court documents established the victim’s age. The actual statute “may be supplemented by an examination of adjudicative records [w]hen the statute of conviction is overly broad.” Id. (emphasis added). This court and others have characterized Lopez-DeLeon as holding that the California statutory rape law is not a categorical crime of violence because the generic definition of statutory rape does not include actions with 17-year-old victims. See, e.g., United States v. Munoz-Ortenza, 563 F.3d 112, 115 (5th Cir.2009); United States v. Viezcas-Soto, 562 F.3d 903, 913 (8th Cir.2009) (“The ... Fifth Circuit therefore held that section 261(c) is overly inclusive.”). Lopez-DeLeon dictates that Florida Statute § 794.05(1) (2009) is not a crime of violence under the portion of the guidelines addressing statutory rape.
Building on Lopez-DeLeon and two other cases founded on Texas law concerning sexual abuse of minors, this court held in Munoz-Ortenza, supra, a case cited by neither party, that a California statute criminalizing sexual contact with a minor 18 or under is not a crime of violence, because the age of seventeen is not within the generic, contemporary meaning of a “minor” for purposes of this enhancement. See also United States v. Najera-Najera, 519 F.3d 509 (5th Cir.2008) (Texas criminal statute for indecency with a child is a crime of violence because it relates to sexual conduct with a person under seventeen); United States v. Zavala-Sustaita, 214 F.3d 601, 604-05 (5th Cir.2000) (same statute, different subsection, same result). Munoz-Ortenza went on to hold that because the trial court’s error was “plain,” remand for resentencing was required. This Florida statute, although captioned “Sexual Activity with a Minor,” applies to seventeen-year-olds, who are not “minors” for sentencing purposes according to Munoz-Ortenza.
This case differs from Munoz-Ortenza in the sole respect that the government contends that applicable state court records, coupled with defense counsel’s admission that the victim was fourteen, establish either the victim’s status as a minor or the inequity, under the fourth prong of clear error review, of our reaching out on appeal to correct the plain error. We agree with the government on both counts.
First, counsel acknowledged the age of the victim. At the sentencing hearing on April 2, 2010, the district judge asked Chavez-Hernandez’s counsel, “Which if any objections do you need a ruling from the Court on and what would you like to say on his behalf here?” ROA 115; Transcript 6. Mr. Nogueras, Chavez-Hernandez’s counsel replied,
MR. NOGUERAS: Thank you, Judge. Your Honor, you know that I had objections to the 16-level enhancement and after our first—last hearing, the probation officer provided us with the copy of the police report because the question was whether the child was pregnant, and apparently—
THE COURT: Well, but that’s not going to make a determination as to whether this plus 16 applies or not.
MR. NOGUERAS: Yes. And also—but there was a question regarding whether the lU-year-old was pregnant or not. Apparently, the answer is “No,” she was not. I also wanted to ask the Court to consider—
*501 THE COURT: And it appears to the Court this is a plus 16. The Government doesn’t disagree with that, do you? MS. LEO: No, Your Honor, it’s our position that this is a plus 16.
THE COURT: That this is sexual abuse of a minor.
MS. LEO: Yes, Your Honor.
ROA 115; Transcript 6 (emphasis added).
The statement at issue here is not a “judicial admission.” A judicial admission is “a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making [it],” because for a statement of counsel to qualify as a judicial admission “it must be made intentionally as a waiver, releasing the opponent from proof of fact.” Martinez v. Bally’s Louisiana, Inc., 244 F.3d 474, 476 (5th Cir.2001) (citation omitted). The statement does, however, qualify as an evidentiary admission. An evidentiary admission is a statement of assertion or concession made for some independent purpose. Id. at 476-77. Here, Chavez-Hernandez’s counsel conceded during the sentencing proceedings that the defendant’s victim was 14 years of age. While he contested the plus-16 sentence enhancement, he did not controvert the fact that the victim was under the age of 17, although he had the opportunity to do so. The transcript suggests that the district judge relied in part on this and surrounding statements and took into account the young age of the victim when making his sentencing decision.
Second, even if this colloquy were somehow insufficient to fulfill the evidentiary function of supporting that the victim was well below the “age of consent,” the fact that the government has chosen to try to prove this fact on appeal reveals starkly the procedural unfairness of granting “plain error” relicf. Had defense counsel sufficiently argued the categorical inapplicability of the Florida statute to satisfy the crime of violence enhancement for sexual abuse of a minor, the government was entitled to supply proof, from the Florida conviction records or otherwise as allowed pursuant to Shepard, of the victim’s true age. (In Munoz-Ortenza, in contrast, “the record was silent on the age of the victim.” 563 F.3d at 116, n. 7.) As it stands, we need not become the factfinder, because counsel’s admission supports the conclusion that the sentencing error did not “seriously affect the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (no reversible error on Apprendi violation).
We conclude for the above reasons that the sentence must be AFFIRMED.

. The Federal Public Defender moved for summary affirmance on the ground that the issue whether Chavez-Hernandez's conviction for sexual activity with a minor was a crime of violence for purposes of § 2L1.2(b)(l)(A)(ii) was foreclosed by United States v. Castro-Guevarra, 575 F.3d 550, 552-53. (5th Cir.2009). The court denied summary affirmance and directed briefing on the merits. United States v. Chavez, No. 10-40803, (Dec. 15, 2010).

. “Analysis of whether a prior conviction is an enumerated crime of violence requires ... a comparison to the actual statute of conviction.” Lopez-DeLeon at 474 (emphasis added).