DENNIS, Circuit Judge,
concurring in part and concurring in the judgment:
I join in the majority’s judgment that Gerezano-Rosales’ 108-month non-Guidelines sentence was substantively unreasonable and that the sentence must therefore be vacated and remanded for resentencing.[1] However, I believe that the district court should be instructed to reinstate its initial sentence of 71 months without conducting further proceedings. The 37-month increase in the sentence was not merely a substantively excessive and unreasonable sentence for Gerezano’s crime; it was in reality extra punishment imposed for what the court found to be his disrespectful conduct in court during the sentencing proceeding. The record in this case does not support a finding that Gerezano acted disrespectfully or in contempt of court during the sentencing proceedings; and the district court did not adhere to the limiting procedures required of it in punishing a contempt of court.
A district court commits procedural error when, inter alia, it “select[s] a sentence based on clearly erroneous facts.” Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Appellate review of a district court’s factual findings “is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular de *403 fendant.” United States v. Key, 599 F.3d 469, 473 (5th Cir.2010) (quoting United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.2008)). However, this deference does not shield the district court from review where the record reflects that the factual finding was clearly erroneous.
The district court stated that it increased Gerezano-Rosales’ sentence by 37 months because of Gerezano-Rosales’ “attitude, ... lack of respect, ... demeanor and ... failure to understand the laws of the United States,” and specifically stated that: “I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you.” The district court made this factual finding of disrespect after Gerezano-Rosales answered several questions in English, although he been assigned an interpreter at his request, then asked the judge why he was being sentenced to “so much time,” and disagreed with the judge’s assessment of his attitude and findings as to his past actions. Thus, the record does not reflect that Gerezano-Rosales had shown any disrespect toward the court, but in my view only reflects that he asked the reasons for the length of the sentence and objected to the court’s ruling that it was not unreasonable.
Ultimately, in my view, he was punished for doing what our circuit precedent required that he do to preserve an issue for appeal: object with specificity. A defendant who does not object to his sentence will, on appeal, be subject to the stringent “plain error” standard of review. United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.2007).[2] Unless the defendant makes his objection “sufficiently clear, the issue is considered forfeited.” United States v. Chavez-Hernandez, 671 F.3d 494, 497 (5th Cir.2012). The objection must be specific; a vague claim of error is insufficient to preserve the objection for appeal. See United States v. Whitelaw, 580 F.3d 256, 259 (5th Cir.2009). In other words, a general objection to the sentence length will not be sufficient to preserve specific issues for appeal.
Moreover, 18 U.S.C. § 3553(c) requires the district court “at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence.” If the court fails to give sufficient reasons, we have held that the parties must request that it do so: “Unless a party contests the Guidelines sentence generally under § 3553(a) — that is, argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way — or argues for departure, the judge normally need not say more.” Whitelaw, 580 at 261. It cannot be that a defendant can be found disrespectful for simply requesting the very explanation that a court is mandated by law to give. In the context of this case and given the specific, appropriate language used by the defendant, his request and objection alone do not constitute disrespect warranting punishment either for contempt of court or as a higher sentence under the guidelines.
There is no evidence in the record that Gerezano-Rosales acted inappropriately while he made his request and objection. *404 The record does not reflect that he cursed, used foul or disrespectful language, or made inappropriate gestures. The record reflects only that he answered in English although he had an interpreter,[3] objected to the sentence, and verbalized his disagreement with the district court’s assessment of the facts, which he is required to do in order to preserve his issues for appeal. As the majority acknowledges in its opinion, the district court increased Gerezano-Rosales’ sentence because he “appears to have interrupted the court multiple times, questioned the length of his sentence, and challenged the district court’s assessment of his criminal history and attitude.”[4] To sustain a finding of disrespectfulness and a substantial increase in sentence on these grounds will place defendants in a position of having to risk being given a higher sentence in order to preserve their objections and arguable issues for appeal. This will have a chilling affect on defendants, particularly those who are pro se, who either do not speak English or speak it only meagerly as a second language, or who are not familiar with the legal system. Without evidence that Gerezano-Rosales did more than request clarification or object to his sentence — as he is authorized and required to do by law in order to assert his legal rights — I cannot agree that our standard of judicial review is so deferential as to prevent our determining that the district court’s finding of disrespect was clearly erroneous.
If the district court believed that the defendant had acted disrespectfully in court, it should have used contempt proceedings rather than a sentence enhancement to punish him. The judge has the authority to maintain decorum in the courtroom and sanction disrespect using criminal contempt proceedings. 18 U.S.C. § 401; Fed.R.Crim.P. 42. Even if we were to assume that Gerezano-Rosales’ conduct amounted to a direct contempt in the court’s presence, which is not supported by the record, the maximum punishment that the judge could have imposed would have been six months’ imprisonment. Where the contempt sentence would exceed six months’ imprisonment, a jury trial is constitutionally required. 3A Charles Alan Wright et al., Federal Practice and Procedure § 706 (4th ed. 2011); see also Bloom v. Illinois, 391 U.S. 194, 208, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). In addition, “[i]f the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents.” Fed.R.Crim.P. 42(a)(3). Courts cannot ignore the rules governing contempt-of-court proceedings by treating the in-court misconduct as a § 3553 sentencing factor warranting an upward sentence variance without undermining the fairness and due process protections that surround and restrain the judicial power to punish for contempt of court.
For these reasons, I concur in the majority opinion’s judgment to vacate the *405 sentence and remand for resentencing, but in doing so I would also instruct the district court to reinstate its initial within-Guidelines sentence of 71 months’ imprisonment. See 18 U.S.C. § 3742(f)(1) (“If the court of appeals determines that the sentence was imposed in violation of law ... the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate.”). By remanding with such an instruction, we could have avoided any appearance of partiality without resorting to the more strenuous safeguard of reassignment.

. I also join in the majority’s opinion with regard to sections I, II.A, II.B., II.C.l, and II.C.3.

. A defendant can prevail under the plain error standard of review only if he can establish "(1) an error; (2) that is clear and obvious; and (3) that affected his substantial rights.” Hernandez-Martinez, 485 F.3d at 273. If he establishes all three conditions, the court then has the discretion to grant relief, but only if " ‘the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.' ” Id. (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

. The sentencing judge’s possible chagrin at his display of rudimentary knowledge of English does not appear justified: his simple exchange with the judge did not warrant a finding that his use of an interpreter was a sham or an artifice, or that his earlier statement that he did not speak English when he was convicted in Virginia, more than fifteen years ago, was a lie.

. The record reflects that Gerezano-Rosales interrupted the judge only three times after the sentence was initially given, which may have been a product of the time delay caused by translation. He appeared to interrupt the judge in order to ask why he was being given a 71-month sentence; and then he once interrupted to apologize, and once to answer the judge’s question with a simple "yes.”