**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-60562
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THELBERT LAMONT LESURE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-14-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thelbert Lamont Lesure appeals his 36-month within-guidelines sentence imposed following his conviction for making false, fictitious, and fraudulent claims to the Internal Revenue Service (IRS). Lesure argues that the district court erred in applying the 16-level enhancement under United States Sentencing Guidelines § 2B1.1(b)(1)(I) based on an amount of loss greater than $1,000,000 but less than $2,500,000. Specifically, he challenges the amounts that Ashley Allen, a criminal investigator with the IRS, obtained from the IRS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fraud Detection Center for tax years 2005 and 2006, which totaled $1,334,768. Lesure contends that Allen failed to show the methodology by which she derived the figures, and that therefore, the district court failed to make a reasonable estimate of the amount of loss. He does not challenge Allen's calculations regarding the 40 returns from the taxpayers listed in the indictment and his own fraudulent return.

Generally, this court reviews the district court's method of determining loss de novo and its factual findings regarding the amount of loss for clear error. *United States v. Harris*, 597 F.3d 242, 250-51 (5th Cir. 2010). While Lesure argued in the district court that the amount of loss was inaccurate and excessive because it was based on a ratio, he did not challenge the lack of a methodology for calculating the loss. Thus, his challenge to the lack of evidence of any method for calculating the loss should be reviewed for plain error. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012). To establish reversible plain error, Lesure must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing is made, we retain the discretion to correct reversible plain error and generally will do so only if it seriously affects "the fairness, integrity, or public reputation of the proceedings." *Id.* (internal quotation marks omitted).

The Guidelines provide for a 16-level increase if the amount of loss was more than $1,000,000 but less than $2,500,000. U.S.S.G. § 2B1.1(b)(1)(I). The sentencing court should use the greater of the actual or intended loss. § 2B1.1, comment. (n.3(A)). "Actual loss" is the "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* at (n.3(A)(i)). "Intended loss" is "the pecuniary harm that was intended to result from the offense" and "includes intended pecuniary harm that would have been impossible or unlikely to occur." *Id.* at (n.3(A)(ii)). "The court need only make a reasonable estimate of the loss." § 2B1.1, comment. (n.3(C)).

No. 12-60562

Lesure's argument that there is no evidence of the method used by Allen to calculate the intended loss is belied by the record. Allen testified that the amount of intended harm was determined by the amount of refunds that were falsely claimed on the tax returns that were filed. An investigation by the IRS Fraud Detection Center revealed that Lesure filed 37 fraudulent returns in 2005, in addition to the 20 returns Allen thoroughly reviewed. The intended harm, the total amount in refunds sought from these 37 returns, totaled $162,390. Likewise, Lesure submitted 230 fraudulent returns in 2006, in addition to the other 20 that Allen reviewed. The intended harm on the 230 returns totaled $1,172,378. Allen simply added the amounts, resulting in a total of $1,334,768. Thus, Allen explained how the intended loss was calculated, and there was evidence supporting the district court's finding as to the amount of loss. The district court did not plainly err in applying the 16-level enhancement under § 2B1.1(b)(1)(I) based on a finding that the amount of intended loss was greater than $1,000,000 but less than $2,500,000. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment of the district court is AFFIRMED.