# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

No. 12-50610
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CHRISTOPHER GILBERTSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:11-CR-212-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Gilbertson appeals the 189-month sentence imposed on his

guilty-plea conviction of one count of intentionally and knowingly participating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a racketeering conspiracy.  He contends that the district court erred in determining that his prior conviction of distribution of marihuana, in violation of New Mexico Statute § 30-31-22(A), was a controlled-substance offense ("CSO") for purposes of the career-offender provisions of United States Sentencing Guidelines § 4B1.1.  According to Gilbertson, the state offense could have been committed by a mere offer to sell without possession of a controlled substance, an act that is not within the pertinent definition of a CSO.

We ordinarily review the district court's interpretation or application of the guidelines *de novo*.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Although Gilbertson argued in the district court that the New Mexico statute did not meet the definition of a CSO, he did not alert the district court to any concerns related to the statute's inclusion of the term "attempted transfer" insofar as the statute may—as Gilbertson now argues—include mere offers to sell.  Thus, his challenge to the application of the career-offender provisions is reviewed for plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Gilbertson has not shown that the district court plainly erred in applying the career-offender provisions of § 4B1.1 based on his New Mexico conviction. The application notes to § 4B1.2 expressly provide that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2 comment. (n.1).  Thus, Gilbertson has not demonstrated that the statutory language of § 30-31-22(A) includes conduct that falls outside the definition of a CSO under § 4B1.2(b).

Accordingly, the judgment of sentence is AFFIRMED.