**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2013

Lyle W. Cayce
Clerk

No. 12-40469

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER DEGOLLADO,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-01824

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Xavier Degollado pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2225A(a)(2)(A). The district court sentenced Degollado to 210 months in prison and ordered him to pay restitution. On appeal, Degollado argues that the district court improperly applied a sentence enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B). Degollado also argues that the district court erred in calculating the restitution award. Because Degollado waived the sentence enhancement issue and because we find no error in the order of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40469

restitution, we AFFIRM.

## I.

In August 2011, Immigration and Customs Enforcement ("ICE") commenced an investigation to discover persons using peer-to-peer ("P2P") networks to traffic in child pornography. ICE located a specific computer, connected to the internet at an address in McAllen, Texas, that was participating in the exchange of child pornography over a P2P network. ICE then executed a search warrant at the McAllen location, where Degollado resided, and recovered the computer. Degollado admitted to owning the computer and to utilizing a P2P network to download child pornography. Degollado explained that he was aware that his child pornography files, which he stored in a "shared folder," were accessible by others on the P2P network. According to the supervising ICE agent, during the course of the investigation, Degollado had shared approximately seventy-two images and sixteen videos with P2P user accounts operating under ICE control. A forensic examination revealed that the computer contained approximately five-hundred images and sixty-six videos of children engaged in sexually explicit conduct, including several children identified by the National Center for Missing and Exploited Children ("NCMEC").[1] One of these children was associated with the "Vicky" series.

A grand jury indicted Degollado in November 2011 on one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).[2]

---

[1] NCMEC maintains a computerized database of images of children that have been exploited in child pornography. NCMEC separates recurring images of identifiable children into "series."

[2] Under § 2252A(a)(2)(A), it is unlawful to "knowingly receive[] . . . any child pornography that has been mailed, or using any means or facility of interstate or foreign

No. 12-40469

Degollado pleaded guilty to the one-count indictment in January 2012.

In the Presentence Investigation Report ("PSR"), the probation officer recommended a five-level increase in Degollado's offense level pursuant to U.S.S.G. § 2G2.2(b)(3)(B) because the crime involved the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Degollado filed an objection to the PSR's recommendation, and the probation officer responded that the enhancement was warranted because Degollado had participated in the exchange of child pornography for other child pornography. At the sentencing hearing in March 2012, Degollado's counsel again objected to the five-level increase. Counsel then argued:

> [T]here was never any money transferred in this case and the way I understand the procedure in these chat rooms, so to speak, is that it is a bartering sort of exchange and just to point out to the Court that other than videos or the images, that there was never a thing of value.

Overruling the objection and adopting the PSR's recommendation, the district court concluded that the images and videos constituted things of value for the purpose of § 2G2.2(b)(3)(B). The district court sentenced Degollado to 210 months in prison.[3]

At a separate restitution hearing in June 2012, the district court concluded that restitution was mandatory under 18 U.S.C. § 2559(b)(1) and that Degollado

---

commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

[3] Degollado's offense level was 37, and his criminal history category was I, resulting in a Guidelines range of 210 to 262 months in prison. Because § 2252A(b)(1) provides for a maximum sentence of 240 months, however, Degollado's effective Guidelines range was 210 to 240 months in prison.

No. 12-40469

was jointly and severally liable for the losses suffered by the "Vicky" series victim.  In doing so, the district court ruled that the types of losses listed under § 2259(b)(3)(A)–(E) do not require a finding of proximate cause, but that those listed under § 2559(b)(3)(F) do require such a finding.  The district found that Degollado had proximately caused the subparagraph (F) losses.  Accordingly, based on evidence of costs supplied by the "Vicky" series victim's attorney, the district court concluded that the victim's losses totaled $765,067.67 (including $42,241.04 under subparagraph (F) for the attorney's costs for forensic evaluations, supporting records, and travel related to the "Vicky" series victim's case) and ordered restitution in that amount.  The final judgment reflects only the total amount of restitution ordered and is not broken down into categories of losses.  Degollado objected to the order of restitution.

Degollado timely appealed, challenging his sentence of imprisonment on the grounds that merely placing files in the "shared folder" does not warrant the application of § 2G2.2(b)(3)(B).  Degollado also challenges the order of restitution.  We address each issue in turn.

## II.

The United States argues that Degollado has either waived or forfeited his right to appeal the application of the sentence enhancement.  "Waiver and forfeiture are two different means by which a defendant may react to an error made by the government or the district court."  *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).  Waiver is the intentional and knowing relinquishment of a right.  *United States v. Olano*, 507 U.S. 725, 733 (1993).  Waiver occurs when a defendant makes "an affirmative choice . . . to forego any remedy available to him, presumably for real or perceived benefits."  *Dodson*,

288 F.3d at 160.  Waived errors are unreviewable on appeal.  *Id.* at 160–61.  Forfeiture, by contrast, "is the failure to make a timely assertion of a right." *Olano*, 507 U.S. at 733.  Where a defendant "has failed to make his objection the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error." *United States v. Chavez–Hernandez*, 671 F.3d 494, 497.  Plain error review requires the court to determine:  whether any error was plain or obvious, whether the error affected the defendant's substantial rights, and whether the court must correct the error in order to prevent a manifest miscarriage of justice.  *Id.*

We conclude that, based on the sentencing hearing colloquy, Degollado has waived any error regarding the application of § 2G2.2(b)(3)(B).  The five-level increase applies to "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit."  § 2G2.2 app. n.1.  Moreover, a "thing of value" is defined as "anything of valuable consideration" and is illustrated by an example in the Application Note: "[I]n a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received."  *Id.* Degallado's counsel admitted at sentencing that Degollado had engaged in a "bartering sort of exchange" for images and videos, thereby admitting that Degollado had engaged in the specific activity addressed by § 2G2.2(b)(3)(B).  It is irrelevant that no other "things of value" beyond the images and videos were involved in Degollado's offense:  as the district court noted, images and videos *are* themselves "things of value" sufficient to support the application of the enhancement.  Accordingly, Degollado made an "affirmative choice" to concede

No. 12-40469

that he bartered for "things of value." This issue is therefore unreviewable.

Assuming *arguendo* that Degollado did not waive the right to appeal the enhancement, we conclude that he has nonetheless forfeited that right. Degallado's counsel's explanation of the objection at the sentencing hearing reveals that he only objected to the extent that other "things of value" beyond images and videos were not part of the bartering. Counsel never objected to the issue he raises today—i.e., whether the "sharing" of images and videos was sufficient to trigger the enhancement. The objection was therefore insufficiently clear, and plain error review applies. Accordingly, because Degollado utterly fails to establish the requirements for plain error, we find no reversible error.

III.

We turn now to Degollado's challenge to the restitution award, which amounted to $765,067.67. Section 2259 provides for mandatory restitution for child victims of sexual exploitation offenses, including the crime of receiving child pornography. An order of restitution under that section "shall direct the defendant to pay the victim . . . the full amount of the victim's losses," including

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

§ 2259(b)(3)(A)–(F). The district court may resolve "[a]ny dispute as to the proper amount or type of restitution . . . by the preponderance of the evidence." 18 U.S.C. § 3664(e). The United States bears the burden of demonstrating the

amount of the loss. *Id.* We review the legality of a restitution order *de novo* and, if the order is legally permitted, the amount of the order for abuse of discretion. *In re Amy Unknown*, 701 F.3d 749, 759 (5th Cir. 2012) (*en banc*), *cert. granted*, *Paroline v. United States*, 133 S. Ct. 2886 (2013).

Degollado argues that the district court committed legal error by not requiring the United States to prove that his offense was the "proximate cause" of the "Vicky" series victim's losses under § 2259(b)(3)(A)–(E).[4] This argument is foreclosed by our recent *en banc* decision, *In re Amy*, wherein we held that the types of losses listed in § 2259(b)(3)(A)–(E) do not require a finding of proximate causation. 701 F.3d at 762 ("The structure and language of § 2259(b)(3) limit the phrase 'suffered by the victim as a proximate result of the offense' in § 2259(b)(3)(F) to the miscellaneous 'other losses' contained in that subsection."). Degollado does not challenge the amount of restitution ordered for the losses ordered under subparagraphs (A)–(E).

Degollado does challenge, however, the $42,241.04 portion of the award, which the district court concluded was comprised of "other losses" under § 2259(b)(3)(F). Degollado argues that the United States failed to demonstrate proximate cause sufficiently. We need not engage in any proximate cause analysis, however. Because these losses—costs for forensic evaluations, supporting records, and travel, all of which were costs incurred by the victim's attorney—fall within the categories listed in subparagraphs (A)–(E), proximate

---

[4] As an initial matter, Degollado does not dispute that the victim to whom the district court ordered restitution be paid is a "victim" under § 2259. *See In re Amy*, 701 F.3d at 773 ("[W]here a defendant is convicted of possessing, receiving, or distributing child pornography, a person is a victim under [§ 2259] if the images the defendant possesses, receives, or distributes include those of that individual.").

No. 12-40469

cause is not required. The final judgment does not reflect that these losses were ordered only under subparagraph (F), and we may affirm on any grounds supported by the record. *United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 2001). Accordingly, we find no reversible error in the order of restitution. AFFIRMED.