# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40840
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO RAMIREZ-TAVERA, also known as Santiago Ramires-Tavera,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-460-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Santiago Ramirez-Tavera appeals the 48-month above-guidelines sentence imposed by the district court following his conviction for being unlawfully present in the United States after deportation. Ramirez-Tavera contends that the district court erred in basing its decision to impose an upward variance on unreliable information. Specifically, Ramirez-Tavera argues that the information contained in the state court documents relating to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his prior conviction for unlawful transaction with a minor, including his confession to having sex with a nine-year-old child, is unreliable.

Although Ramirez-Tavera objected to an upward variance and the reasonableness of his sentence in the district court, he did not challenge the reliability of the evidence. Thus, we review his challenge to the lack of reliable evidence for plain error. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012).

A sentencing court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.; *see United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005). If information is presented at sentencing to which the defendant objects, the defendant must present "competent rebuttal evidence" to demonstrate that the information "is materially untrue, inaccurate or unreliable." *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007) (internal quotation marks and citation omitted). The requirement of competent rebuttal evidence is not satisfied by mere objections. *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

None of Ramirez-Tavera's arguments demonstrate that the district court based its sentencing decision on unreliable information. He does not deny the existence of his confession, and his argument challenging the reliability of the confession lacks convincing legal authority. The state court investigative documents also contain a hand-written letter from the victim to her school counselor wherein she reported the sexual abuse by Ramirez-Tavera. He presents no argument challenging the reliability of this document. The evidence and arguments offered by Ramirez-Tavera do not show that the

information is "materially untrue, inaccurate or unreliable." *Washington*, 480 F.3d at 320.

Ramirez-Tavera fails to show that the district court considered unreliable evidence in imposing an upward variance. Thus, he does not establish that the district court committed plain error. *See Chavez–Hernandez*, 671 F.3d at 497.

The judgment of the district court is AFFIRMED.