# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL FRANCISCO-ANDRES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1107-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Samuel Francisco-Andres (Francisco) appeals the 46-month sentence imposed by the district court following his guilty plea conviction under 8 U.S.C. § 1326 for being unlawfully present in the United States following deportation. He argues that the district court misapplied the Sentencing Guidelines when it determined that his prior conviction for lewd acts with a child under the age of 14 under CAL. PENAL CODE ANN. § 288(a) was a crime of violence within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41239

meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). As Francisco concedes, because he raised no objection in the district court on the basis of the legal arguments he now presents on appeal, our review is for plain error only. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To demonstrate plain error, Francisco must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

As Francisco acknowledges, in *United States v. Rodriguez*, 711 F.3d 541, 562 n.28 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013), we rejected the argument that any minimum age differential is required for an offense to qualify as sexual abuse of a minor. He nevertheless preserves for possible further review his claim that, whereas § 288(a) requires no age differential between the victim and the perpetrator, the generic meaning of sexual abuse of a minor requires at least a four-year age differential.

The primary contention raised by Francisco, which he does not concede is foreclosed, is that § 288(a) has been interpreted to punish otherwise innocent or innocuous acts and non-abusive consensual conduct. Consistent with the plain-meaning approach we adopted in *Rodriguez*, 711 F.3d at 552, Francisco has not shown clear or obvious error in the district court's determination that his conviction was for the enumerated offense of sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). *See Puckett*, 556 U.S. at 135; § 2L1.2, comment. (n. 1(b)(iii)); *United States v. Izaguirre-Flores*, 405 F.3d 270, 274-75 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.