# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HILARIO TORRES-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-108-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hilario Torres-Hernandez appeals the 57-month within-guidelines sentence imposed following his conviction for illegal reentry after deportation. He challenges the 16-level enhancement imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) for having been deported after being convicted of a drug trafficking offense. Torres-Hernandez argues that his Texas conviction for possession with intent to deliver cocaine did not qualify as a drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense because Texas's definition of delivery is broader than the definition of a drug trafficking offense under § 2L1.2. He asserts that the Texas offense of delivery may be committed by "administering" a controlled substance. He further contends that, for the same reasons, the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2). Because Torres-Hernandez failed to object to the enhancement in the district court, we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

In *United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), we rejected the identical argument raised by Torres-Hernandez and stated that "conviction under the administer prong is not a realistic probability because no previous Texas case has involved a conviction under this prong." *Id.* at 461. We determined that the Texas offense of possession with the intent to deliver cocaine was a drug trafficking offense under § 2L1.2 and an aggravated felony under § 1326(b)(2). *Id.* at 461-62 & n.5.

Torres-Hernandez fails to show that the district court plainly erred. *See Teran-Salas*, 767 F.3d at 461-62 & n.5. Accordingly, the judgment of the district court is AFFIRMED.