# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELMER BANEGAS-ARIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-651-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elmer Banegas-Arias appeals the 36-month below-guidelines sentence imposed following his conviction for illegal reentry into the United States. He challenges the 16-level enhancement imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) for having been deported after being convicted of a drug trafficking offense. Banegas-Arias argues that his Texas conviction for delivery of a controlled substance did not qualify as a drug trafficking offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Texas's definition of delivery is broader than the definition of a drug trafficking offense under § 2L1.2. He asserts that the Texas offense of delivery may be committed by "administering" a controlled substance. He further contends that, for similar reasons, the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43). Because Banegas-Arias failed to object to the enhancement in the district court, we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

Our recent decision in *United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), is dispositive here. As we explained in *Teran-Salas*, "conviction under the administer prong is not a realistic probability because no previous Texas case has involved a conviction under this prong." *Id.* at 461. The Texas offense of possession with the intent to deliver cocaine is a drug trafficking offense under § 2L1.2 and an aggravated felony. *Id.* at 461-62 & n.5.

Banegas-Arias fails to show that the district court plainly erred. *See id.* Accordingly, the judgment of the district court is AFFIRMED.