# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

VICENTE SALAS,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:13-CR-296-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Vicente Salas appeals the 48-month sentence imposed on his conviction of illegal reentry after deportation. Salas challenges the 12-level enhancement applied pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(iii) based on his conviction of a firearms offense. He contends that the district court erred by relying on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report's characterization of the conviction as a firearms offense.

Because Salas failed to object to the enhancement in the district court, we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). On appeal, the government supplemented the record with copies of Salas's indictment, deferred adjudication order, and judicial confession from Salas's Texas conviction of possession of a short-barrel firearm. We examine state-court documents that have been added as a supplement to the record in determining whether the enhancement was properly applied. *United States v. Vargas-Soto*, 700 F.3d 180, 183 (5th Cir. 2012).

Under § 2L1.2(b)(1)(A)(iii), a defendant receives a 12-level enhancement for a firearms offense that is not assessed criminal history points. As relevant here, the commentary defines "firearms offense" as "[a]n offense under federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a)." § 2L1.2, comment. (n.1(B)(v)(II)). Under § 5845(a), the definition of a "firearm" includes a shotgun having a barrel or barrels under 18 inches in length. § 5845(a)(1).

Salas's state-court indictment and the judicial confession show that the firearm was a shotgun with a barrel length of less than 18 inches. Because Salas was convicted of possessing a shotgun with a barrel length of less than 18 inches, there is no clear or obvious error in the application of the enhancement, so the district court did not plainly err. *See United States v. Diaz-Diaz*, 327 F.3d 410, 414−15 (5th Cir. 2003).

AFFIRMED.