# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR JAIME ALEGRIA-MERA, also known as Edgar Jaime Alegria, also known as Chico Ortiz, also known as Edgar Jaime Alegria Mera, also known as Edward Alegria,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-28

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edgar Jaime Alegria-Mera challenges the 46-month, below-guidelines sentence he received following his guilty plea to being unlawfully present in the United States after he had been deported. He argues that the district court erred in enhancing his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on a determination that he had been deported after being convicted of a drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20452

trafficking offense.  According to Alegria-Mera, his two Texas convictions for delivering a controlled substance do not qualify as drug trafficking offenses because, he urges, the definition of delivery under Texas law includes illegally administering a drug, but the definition in the Guidelines does not.  Because he did not object to the enhancement in the district court, we review for plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

In *United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015), we rejected a substantially similar argument, explaining that there was no realistic probability that the defendant had been convicted under a theory involving administering a controlled substance in light of the nature of his conduct and observing that we could find no Texas case involving a conviction for illegally administering drugs.  *Id*. at 460-61.  Likewise, Alegria-Mera has not established a realistic probability that he was prosecuted for administering drugs.  The state court judgments reveal that the conduct Alegria-Mera admitted did not involve administering: he was convicted first of "deliver[ing] by offer to sell" less than 28 grams of cocaine and later of "deliver[ing] by actual transfer" at least 400 grams of cocaine.  Moreover, Alegria-Mera has pointed to no case where a Texas defendant was prosecuted for unlawfully administering a controlled substance.  He has established no error, plain or otherwise, and accordingly, the district court's judgment is AFFIRMED.