# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60131
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL CASAS-GIL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-106

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Israel Casas-Gil appeals the 36-month, above-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. He argues that the district court committed procedural error by failing to identify a guideline that served as the basis for departure. Because Casas-Gil did not object on this ground in the district court, the issue is subject to plain error review. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497–98

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2012). Where a sentencing court calculates the guidelines range and imposes a sentence outside of that range based on the Section 3553(a) factors, as it did in the instant case, that sentence constitutes a variance rather than a departure. *See United States v. Mejia-Huerta*, 480 F.3d 713, 721 (5th Cir. 2007). Because the district court imposed a variance rather than a departure, there is no error, plain or otherwise, in the court's failure to identify a Guideline that served as the ground for departure.

Casas-Gil also challenges the substantive reasonableness of his sentence, arguing that the court based the variance on old convictions and on convictions that were accounted for in the guidelines range. He asserts that the court failed to consider mitigating factors, that the extent of the variance is unreasonable, and that the sentence creates unwarranted disparities.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the guidelines range, . . . to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (citation and quotation marks omitted). The record establishes that the district court considered Casas-Gil's mitigating facts but concluded that an above-guidelines sentence was nevertheless warranted in light of other factors set forth in 18 U.S.C. § 3553(a). Casas-Gil fails to show that similarly situated defendants received lower sentences and therefore fails to show any disparity was unwarranted. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the Section 3553(a) factors and the district court's reasons for its sentencing decision, Casas-Gil fails to

No. 15-60131

show that his 36-month sentence is substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400–01.

The judgment of the district court is AFFIRMED.