# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10906
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT STRECKER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-63-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Strecker appeals the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. He argues that the district court erred in assessing a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), because his prior Texas convictions for burglary of a habitation and attempted burglary of a habitation were not crimes of violence. Strecker argues that the state court records do not indicate whether he was convicted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under Texas Penal Code § 30.02 (a)(1) or Texas Penal Code § 30.02(a)(3) for his burglary of a habitation and his attempted burglary convictions.  Because § 30.02(a)(3) does not constitute generic burglary, he asserts that the statute can be violated by means beyond the generic, contemporary meaning of burglary.

Strecker raises the same arguments now as he raised in the district court.  Therefore, this court reviews the district court's determination that attempted burglary and burglary were crimes of violence de novo.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

The documentation submitted to the sentencing court established that Strecker was convicted under § 30.02(a)(1) for both convictions.  A conviction under § 30.02(a)(1) qualifies as a generic burglary offense.  *See United States v. Castaneda*, 740 F.3d 169, 173 (5th Cir. 2013).  Moreover, Strecker's attempt argument is without merit because the commentary to the Guidelines specifically states that a crime of violence includes attempting to commit a crime of violence.  U.S.S.G. § 4B1.2, comment. (n.1).  Accordingly, the district court did not err in assessing a base offense level of 24 based on these convictions.  *See id.*; *Chavez-Hernandez*, 671 F.3d at 497.

Strecker also argues that the district court erred in assigning criminal history points to his prior Texas conviction for burglary of a habitation because that conviction was relevant conduct to his conviction for being a felon in possession of a firearm.  Because Strecker did not raise this argument in the district court, review is for plain error.  *See Chavez-Hernandez*, 671 F.3d at 497.  The district court did not err, plainly or otherwise, in assigning criminal history points to the burglary of a habitation conviction because even though there were no intervening arrests, the sentences for his burglary of a habitation conviction and his felon in possession of a firearm conviction did not

No. 15-10906

result from the same charging instrument and the sentences were not imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2). The judgment of the district court is AFFIRMED.