# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DILLON ALEX STEELE, also known as Dillon Steele,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-1-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Dillon Alex Steele appeals his 77-month career offender guideline sentence for mailing a threatening communication in violation of 18 U.S.C. § 876(c). He argues that the career offender enhancement in U.S.S.G. § 4B1.1 does not apply because his offense of conviction is not a crime of violence under U.S.S.G. § 4B1.2(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10083

First, Steele contends, as he did in the district court, that even if § 876(c) is narrowed under the modified categorical approach, his § 876(c) offense does not involve the kind of violent force that § 4B1.2(a)(1) requires. We held otherwise in *United States v. Stoker*, 706 F.3d 643, 648 & n.4 (5th Cir. 2013). Steele fails to show on de novo review that the holding in *Stoker* violated our rule of orderliness, *see United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014), or was dicta, *see Stoker*, 706 F.3d at 658 (explaining that the holding affected the offense level under § 4B1.1(b)).

Steele raises additional arguments for the first time on appeal, which we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012). He argues that § 876(c) is no longer amenable to modified categorical analysis as it is not divisible, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that § 876(c) does not categorically satisfy the force prong in § 4B1.2(a)(1). We decline to address the divisibility of § 876(c) after *Mathis* because, in any event, Steele fails to show that it is clear or obvious that § 876(c) does not categorically satisfy § 4B1.2(a)(1). *See United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011). Another circuit has held that § 876(c) has the threatened use of physical force as an element. *United States v. Haileselassie*, 668 F.3d 1033, 1035 (8th Cir. 2012) (interpreting 18 U.S.C. § 16). Because Steele does not show plain error in the application of § 4B1.2(a)(1), we do not address his claims that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague and that it does not support the career offender enhancement.

AFFIRMED.