# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40522

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN TERAN-CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-33-1

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

### ON PETITION FOR REHEARING

The appellees' petition for panel rehearing is granted. The prior panel opinion, *United States v. Teran-Contreras*, No. 17-40522 (5th Cir. 2018), is withdrawn, and the following opinion is substituted:

Martin Teran-Contreras pleaded guilty to being found in the United States after being removed previously, in violation of 8 U.S.C. § 1326(a) and (b). At sentencing, the district court imposed an upward departure based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial underrepresentation of Teran-Contreras's criminal history.   In giving its reasons for the departure, the district court referred to Teran-Contreras's serious criminal history, including an offense originally charged as robbery with a deadly weapon.  On appeal, Teran-Contreras contends that the district court violated his due process rights by relying on allegations taken from the robbery indictment, given that he ultimately pleaded guilty to second-degree robbery, which does not have as an element the use of a deadly weapon.

"Generally, this Court reviews the district court's application of the Sentencing Guidelines *de novo*." *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (quoting *United States v. Garcia-Perez*, 779 F.3d 278, 281 (5th Cir. 2015)).  However, if an objection was not sufficiently raised in the district court, this court reviews for plain error only.  *See United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012).  "The purpose of requiring defendants to make timely objections to the PSR and actual sentence is 'founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact.'"  *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000) (quoting *United States v. Ruiz*, 43 F.3d 985, 988 (5th Cir. 1995)).  Thus, "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994).

Teran-Contreras contends that he preserved the argument urged on appeal because: (1) he objected in writing that "no reliable information indicates that the criminal history category fails to adequately reflect the seriousness of [his] past criminal conduct or the likelihood that he will commit other crimes"; (2) counsel objected at sentencing that the district court was

relying on "incidents" that were "just allegations"; and (3) "Teran-Contreras himself objected that there was no weapon." However, Teran-Contreras's written objection was too vague to give the trial court a reasonable opportunity to address the alleged error. *See, e.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012). Counsel's objection at sentencing did not fairly encompass the argument made on appeal and thus was not clearly sufficient to give the district court the opportunity to "correct itself." *Bullard*, 13 F.3d at 156. Finally, though Teran-Contreras, who was represented by counsel, relies on statements that he himself made at the sentencing hearing, he does not explain why this court should consider these pro se statements an objection. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009) (finding that defendant with counsel did not preserve argument for appeal where he "challenged the district court's ruling . . . only in [a] pro se motion he filed following his revocation hearing"). To the extent he relies on a permissive hybrid-representation theory, Teran-Contreras has failed to sufficiently brief this argument. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (inadequately briefed arguments are forfeited). Accordingly, we find that Teran-Contreras did not preserve his due process argument. *See Nesmith*, 866 F.3d at 679; *Chavez-Hernandez*, 671 F.3d at 497.

Consequently, we review his claim for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Teran-Contreras must show a forfeited error that is clear or obvious and that affected his substantial rights. *See id*. If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citations omitted).

No. 17-40522

Even if we were to assume the district court committed a clear or obvious error by relying on allegations from an indictment, Teran-Contreras would not be entitled to relief because he cannot demonstrate that any error affected his substantial rights. *See Puckett*, 556 U.S. at 135. The district court's decision to upwardly depart was based primarily on Teran-Contreras's significant history of unadjudicated charges and arrests for violent offenses. *See, e.g.*, *United States v. Fuentes*, 775 F.3d 213, 219-20 (5th Cir. 2014) (considering the facts underlying prior arrests). Moreover, the district court's stated concern with respect to the robbery offense was its violent nature. Teran-Contreras was ultimately convicted of second-degree robbery, which is committed by, in the course of committing theft, "intentionally, knowingly, or recklessly caus[ing] bodily injury to another; or . . . intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death." TEX. PENAL CODE § 29.02(a). For purposes of the district court's inquiry, the distinction between the charged offense and the offense of conviction is of little significance, as second-degree robbery is also a serious and violent crime. Thus, Teran-Contreras cannot demonstrate that, absent error, there is a reasonable probability that he would have received a different sentence. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). He has therefore failed to show reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

4